Sewall, J.,
delivered the opinion of the Court.
The direction more particularly excepted to in this case is, the-opinion of the presiding justice, under which the jury returned a verdict against the defendant, that interest exceeding six per cent., but not exceeding the usual profits upon loans made on banking principles, is not; when taken by a banking company, (as I presume is to be understood,) to be viewed as illegal or usurious interest.
The counsel for the plaintiffs have argued in support of this opinion, upon a supposed license to companies incorporated, with an authority to discount notes according to banking principles, to exceed, in their discounts and loans of every kind, the rate of legal interest; and upon a supposed exemption from the prohibitions and restraints enacted in. the statute against usury, which a banking company obtains in the act of the legislature by which they are incorporated, or which is necessarily to be implied by their being incorporated with the authorities and privileges of a public bank. In this argument, the term banking principles (a very vague expression, employed by the legislature in the act by'which the plaintiffs were incorporated, and in other similar statutes) has been explained to mean the renewals of discounts, by which the customers of banks are accommodated with a continuance of their loans.
* But a course of business, depending altogether upon the voluntary act of the parties concerned, hardly deserves notice as a legal principle of any kind. No bank or other corporation, any more than _ an individual, has authority to make a discount or loan at a greater rate or profit, for the forbearance or time of payment given, than six per cent, per annum; or are to be considered as exempt, in any respect, from the restrictions of the statute against usury. (1) Nothing like an exemption of that nature is expressed ; and it is very difficult to imply one from the vague expression alluded to. That expression, if "it has any peculiar meaning, is an authority to deduct the interest at the commencement of loans, or to make loans upon discounts, instead of the ordinan *56 forms of security for an accruing interest. But individuals have a like authority, although in both cases the construction is a relaxation of the prohibitions of the statute against usury, and allows a rate of interest which may be estimated at a small extent beyond six per cent, per annum. (2) Banks in their discounts never venture to exceed that rate, in the deductions which they make from their loans, although this anticipation of interest in effect gives more than the fixed rate upon the sum actually paid out.
The other advantage which they have, and which is much more considerable in the effect upon their gains, arises from the course of their business, consisting in a long-continued renewal of loans. A borrower, who is unable to discharge his note at the expiration of the usance, or when the day of payment arrives, is under the necessity of preparing himseli by requesting a discount of another note, which being to be presented on a certain day appointed for the business, the second discount is generally made some days before the preceding note is due; and as the purpose is only the punctual payment of that note, the proceeds of the second discount are never-drawn from the bank, which has the benefit of the deposit until the adjustment is made.
* But banks are not distinguished in this respect from individuals, where the same necessity might give occasion to a similar course of negotiation; and while each note sustains a discount or deduction, at the established rate of interest only, there is no offence against the statute for the prevention of usury, (a)
Upon the whole, where unlawful interest is reserved, whether in one contract or in more, each contract is liable to be avoided, if the objection made and insisted on should be maintained in point of proof. (3) How that is in the case at bar, we are not called upon to decide at this time. But we are all of opinion that the defendant is entitled to a new trial; for, in calculating an interest which has accrued, or" which is accruing, upon any one loan, banking companies are as much restricted as individuals are to the legal rate of interest; which they cannot exceed without endangering the validity of their securities.
It is probable that, in this case, there was no intentional deviation on the part of the bank, but a mistake of their right. This, how ever, is a consideration which must not influence our decision. The mistake was not involuntary, as a miscalculation might be considered, where an. intention of conforming to the legal rule of *57 interest was proved, but a voluntary departure from the rate. An excess of interest was intentionally taken, uppn a mistaken supposition that banks were privileged, in this respect, to a certain extent. This was, therefore, in the sense of the law, a corrupt agreement; for ignorance of the law will not excuse-.

New trial granted.

 Prake's N. P.Rep. 200. — 7 D. & E. 185.

 2 D. & E. 52. — 7 D. & E. 185.

 [Vide Manhattan Company vs. Osgood, 15 Johns. Rep. 152.— Ed.]

 Cro. Jac. 508.