PRESIDENT, &C. OF THE TICONIC BANK *versus* JOHNSON & *al.*

The taking of interest in advance upon loans made by a bank, is within the established and allowed rules of banking.

After a note given to the bank has become payable, the bank cannot lawfully take upon it a rate of interest, exceeding six per cent. per annum.

Where, in discharge of a pre-existing debt, several notes are given, containing a usurious rate of interest, reckoned upon the amount of the debt, each note is held to contain its proportionate share of the illegal interest.

Upon such notes, payments were made, partly in cash, and partly in notes given in substitution.    It was *held*, that each of the substituted notes contained a portion of the usurious interest.

The final balance of all the notes was paid by a new note, which also reserved usurious interest. *Held,* that the last note did not reserve, within itself, the amount of the illegal interests, which had been included in all the preceding notes, and that such amount could not legally be deducted from it.

EXCEPTIONS from the District Court.

Assumpsit on a note of $200.

In payment of an execution against Johnson, he gave to the plaintiffs three notes, payable on time. Interest on the amount paid by said notes, was reckoned from their date to their respective pay-days, at seven per cent. a year, and included in the sum, $2359,25, to which the notes amounted.

Partial payments were made from time to time; some in cash and some in new notes, including the same rate of interest. To discharge the final balance, the note of $200, now in suit, was given, which also reserved the same rate of interest.

The Judge ruled that, from the sum, apparently due on the note, the jury should deduct the amount of interest, which had been reserved, above six per cent. in all the notes. To that ruling the plaintiffs excepted.

*Paine,* for the plaintiffs.

I. The interest received did not exceed the rate allowed by the established rules of banking.

II. Each of the notes, given in payment of the execution contained its proportionate part of the illegal interest. When any one of them was paid, the usury reserved in it, was paid, and cannot be considered as reserved in this note. More than ten-elevenths of the amount of all the notes has been paid, with the same proportion of the usury. Yet, by the ruling of the Judge, the whole of the usury is held to be reserved in this note. *Chadbourne* v. *Watts,* 10 Mass. 121 ; *Darling* v. *March,* 22 Maine, 184 ; *Pierce* v. *Conant,* 25 Maine, 33.

*Bronson,* for the defendants.

The contract with the plaintiffs, though contained in several notes, was one and entire. The notes collectively contained illegal interest. The taint attached to every successive note, even to the last, the one now in suit. " When the original loan is usurious, all the securities therefor, however remote, or

often renewed, are usurious." *Reed* v. *Smith*, 9 Cowen, 647 ; *Warren* v. *Crabtree*, 1 Maine, 167 ; *Bridge* v. *Hubbard*, 15 Mass. 96 ; *Jones* v. *Whitney*, 11 Mass. 74 ; *Lowell* v. *Johnson*, 14 Maine, 240.

This case is not like that of *Darling* v. *March*, cited on the other side. The note there in suit was given for a balance due on *one* of the notes ; here the note in suit was given for the balance due upon *all* the notes.

*Non constat* that any of the sums paid on previous notes was for illegal interest. The presumption is, that such payments were, not for what was illegal, but for what was legally due.

TENNEY, J. — It is contended in behalf of the plaintiffs, that they have not received more interest, than that to which they are entitled, according to the established rules of banking ; and that the instructions of the Judge, restricting the jury to the rate of six per cent. after the notes taken from time to time, became payable, was erroneous. Banks are prohibited by statute from taking any greater rate of interest or discount on any note or draft or other security, than at the rate of six per cent. a year ; but such interest or discount may be calculated and taken according to established rules of banking. R. S. c. 77, § 49.

The taking of interest in advance upon loans made by banks, has been regarded as proper, according to well established rules of banking ; and when notes given for such loans are taken up at maturity, by the substitution of new ones, the interest being advanced on the latter, it is treated as a new loan, and within the principle of the same rule, notwithstanding it may in the end afford to the bank a greater amount of interest for a year, than they would otherwise receive. *Maine Bank* v. *Butts*, 9 Mass. 49 ; *Agricultural Bank* v. *Bissell & al.* 12 Pick. 586. But after a note given to a bank has become payable, and in no manner taken up or renewed, it is subject to the rule, in reference to interest applicable to individuals, and the rate cannot legally afterwards exceed six per cent. Upon this point the instructions are not objectionable.

The jury have found, that the note in suit was for a balance arising from the notes given in satisfaction of the execution, recovered in 1842 in favor of the plaintiffs against Levi Johnson, the defendant, including interest computed from time to time upon notes renewed at the rate of seven per cent. a year. The verdict was for the amount of the note in suit, after deducting the excess over six per cent. included in the note, and also in the sums, which had been previously paid on notes taken up. This finding of the jury was authorized by the instructions of the Judge, "that if they should be satisfied, that in the notes given on the settlement of the execution, more than six per cent. interest was reserved, and that the note was given in payment of any balance of the notes growing out of that transaction, they would deduct such excess from the amount apparently due on the note."

It is insisted for the plaintiffs, that the whole execution and interest thereon, at seven per cent., having been paid, excepting the sum, for which this note was given, this note is to be treated as containing only such proportion of the excess, as the note bears to the whole amount received. In the case of *Darling* v. *March*, 22 Maine, 184, the sum of $3000 including usurious interest, was settled by a note of $1000, which was paid, and the note of $2000 in suit; and it was held that the latter would be considered as containing only two thirds of the illegal interest. In *Pierce* v. *Conant*, 25 Maine, 33, a part of the whole sum found due, including interest exceeding that of the legal rate, was paid by the transfer of certain notes secured by mortgage, and the balance was embraced in a note given by the debtor. It was decided, that the part discharged by the transfer of the notes was a payment, and comprised its proportion of extra interest. The case at bar is not perceived to differ in principle, from the cases referred to ; and the jury were required by the instructions, to deduct a larger excess, than the law authorizes.

*Exceptions sustained.*