ALGERNON SYLVESTER *vs.* CALEB SWAN.

If the maker of a note which is payable to his own order indorses it and employs an agen who sells it for him for less than its face, the transaction is usurious, although the purchaser supposes that he is merely purchasing the note in the market, and does not know that the seller is acting only as an agent.

CONTRACT by an indorsee against the maker of a promissory note for $450, payable in five months from date to the maker's own order, and indorsed by him.

At the trial in the superior court, before *Russell*, J., there was evidence tending to show that the defendant made the note wholly for his own accommodation, and employed one Wheeler as his agent to raise money upon it, and that Wheeler sold it to one Southworth for $400, and that Southworth sold it to the plaintiff before its maturity for $405. The judge instructed the jury, amongst other things, that "if Southworth did not know, and had no notice, actual or constructive, that Wheeler was acting as agent or broker, but supposed that he was merely selling a note, and that he himself was in good faith purchasing the note from Wheeler, then the defence of usury was not sustained, although Wheeler was in fact acting solely as agent of Swan." The jury returned a verdict for the plaintiff, for the full amount of the note, and the defendant alleged exceptions

*C. G. Davis*, for the defendant.

*J. White*, for the plaintiff.

BIGELOW, C. J. The transaction proved at the trial, by which the note in suit was negotiated to the person who received it as the first holder for value, was in legal effect equivalent to a delivery of the note by the promisor directly from his own hands, in consideration of the money advanced to him therefor. It

was a loan of money to the defendant on the note. The fact that the money was obtained through an agent of the defendant does not in any degree change or affect the legal character which attaches to the dealings of the parties. Until the note was negotiated by the defendant's agent, it did not become a binding and operative contract, upon which the promisor could be held liable. It was the delivery of the note to the first holder, in consideration of the money which he lent upon it, which made the defendant for the first time chargeable on his promise. It was not, therefore, in any sense a purchase of a note in the market which had been previously put in circulation. It did not on its face purport to have been in the hands of a third person. Being payable to the order of the maker, it was negotiable by delivery only, and in effect was payable to bearer. In this respect it differed from an accommodation note, bearing the indorsement of a payee, which might mislead an innocent purchaser, because it would appear to have been passed from the promisor to a third person as a valid contract for a valuable consideration, and he might well suppose that he was buying a note at a discount from a person who was neither a party to it nor an agent of the original parties to the promise. But in the case at bar there was nothing to show that the note had ever been passed from the promisor or put into circulation by him, when the money was advanced upon it to the defendant's agent. It is not, therefore, made to appear that any deception or fraud was practised in the negotiation of the note, or that by the use of due diligence and by proper inquiry the person who first advanced money on the note might not have ascertained the real nature of the transaction. Under such circumstances, it cannot be said that there was no loan of money on the note at a usurious rate of interest, unless we are prepared to affirm the proposition that an advance of money to a promisor on his note through his servant or agent, at a greater rate of interest than is allowed by law, does not constitute usury. Such a doctrine would be inconsistent with first principles, and contrary to the well settled course of judicial decisions. *Munn* v. *Commission Co.* 15 Johns. *Powell* v. *Waters,* 8 Cow. 669. *Dowe* v.

*Schutt*, 2 Denio, 621. *Churchill* v. *Suter*, 4 Mass. 156. *Knights* v. *Putnam*, 3 Pick. 184, 186. *Van Schaack* v. *Stafford*, 12 Pick. 565.

The argument in behalf of the plaintiff goes upon the ground that there can be no usury where there is no intention on the part of the lender of money to take a greater rate of interest than is allowed by law. But this is a mistake. Usury does not consist in the intent with which parties take or pay unlawful interest. It is the transaction to which the law looks, in order to ascertain whether it is usurious or otherwise. The prohibition of the statute embraces every contract or assurance for the payment of money with interest at a greater rate than is allowed by law, irrespective of the motive or intent of the parties in making it. Whatever form or disguise the dealing of the parties may assume, it will be deemed usurious if in effect it is a loan of money at an unlawful rate of interest. Thus it has been held that where a greater rate than legal interest was reserved on a contract without any intention by the lender to receive usurious interest, but under a mistaken supposition of a legal right to make a deduction from the sum lent, it was nevertheless a usurious contract under the statute, and for that reason void. *Maine Bank* v. *Butts*, 9 Mass. 49, 55.

*Exceptions sustained.**

* By *St.* 1863, *c.* 242, it is enacted that usury between the payee and the maker of a promissory note, payable on time, shall not be a defence to an action thereon brought by the indorsee to whom the same was indorsed before maturity for value and without notice, express or implied, of the usury.