## VEAZIE BANK *versus* PAULK.

By c. 69, R. S., it is provided, that if any person upon any contract, shall take or reserve, directly or indirectly, for loan of moneys, &c., above the rate of six dollars upon one hundred dollars, for one year, in an action thereon against the debtor, he may avoid such excess.

It is also provided by the Act of amendment to R. S., c. 77, § 49, that no bank in this State shall be permitted to take any greater rate of interest or discount on any note, draft or security, than at the rate of six per cent. a year; but such interest or discount may be calculated and taken according to the established rules of banking; *provided*, that in discounting drafts, bills of exchange, or other negotiable securities, payable at another place, the bank so discounting the same, may, in addition to said interest, charge the then existing rate of exchange between the place of discounting, and the place where such security may be payable.

Banking corporations, as to *usury*, are subject to this general law, modified in the Act relating to Banks; and when, in discounting paper, a greater rate

than the legal interest is taken or reserved by the bank, such *excess* only can be avoided in an action brought by them upon the paper.

And when the paper discounted, on which illegal interest is taken, was made for the *accommodation* of the borrower, and this was known to the bank, the defence of usury is available by the parties to the paper, as to such *excess*.

An action may be commenced on a note, on the same day it is legally protested for non-payment.

ASSUMPSIT.

This, and five other suits, commenced on the same day of the date of the protests, upon bills of exchange, in which defendant was either drawer or indorser, were submitted to the decision of the full Court, under this state of facts.

The defendant offered evidence to prove usury in the discounting of each piece of paper — that interest at the rate of one per cent. per month, or more, was taken and reserved; and that all the paper was discounted by the bank for defendant, being accommodation paper, and made for the purpose of raising money thereon, by way of discount, not being put in circulation or made any use of until discounted by plaintiffs.

If the evidence offered is admissible, to defeat the actions, the cases are to stand for trial; but if plaintiffs are entitled to judgment, defaults are to be entered and damages assessed by the Court.

*A. W. Paine,* for defendant.

The defence in these cases is usury, and arises under c. 77, § 49 of the Bank Act. The paper in question has been made and discounted in direct violation of this provision, and is therefore a void contract. 1 Parsons on Cont. 381, note. *White* v. *Buss,* 3 Cush, 448; 31 Maine, 247; 32 Maine, 448.

Here every part of this contract was tainted, and there can be no separation whereby the contact is vacated. *White* v. *Franklin Bank,* 22 Pick. 181, and cases cited; *Atlas Bank* v. *Nahant Bank,* 3 Met. 581; *Western Bank* v. *Mills,* 7 Cush. 539; *Collins* v. *Blautern,* 1 Smith's L. C. 413.

Such being the law upon general principles regulating contracts, it becomes an important and more doubtful

question whether the statute of usury, c. 69, R. S., will save the notes from that fate.

Notwithstanding this Act affected banks as well as individuals in its application, the Legislature saw fit to enact this also that "no bank in this State shall be permitted to take any greater rate of interest or discount on any note, draft, or security, than at the rate of six per cent. a year.

This is not to be presumed to have been enacted for no object. It was after the Act before cited, and if inconsistent with it, then operated as a repeal *pro tanto,* or as modifying its effect to the same extent.

That such was its design and effect may be inferred from the consideration of the subject about which they were legislating, the system of banking, that it might be restrained and regulated so as to be as little obnoxious as possible; and by examination of the various sections of the law, this intention will be seen to have been carried out.

To the prohibitions contained in this law no penalty is enacted. The State forbid, and there the matter stands.

The prohibition as to interest is absolute, and nothing appears in any other part of the Act to prevent it from having its full effect.

When two statutes are passed, one subsequent to the other, on the same subject, the latter is to be construed as controlling the former.

Again, it may be doubted whether our law against usury was really intended to embrace banks, at all, those being left to be treated with by a law made especially for them. This appears from the law itself.

I am aware that the Court in Massachusetts did decide that banks were within the prohibitory effect of the general usury laws. But their reasoning on the subject only strengthens the ground of this defence. They had only one general Act.

In the cases at bar the general law does not invalidate the contract, and the language and provisions are applicable only to *persons.*

And then superadded to this is another law made particularly for banks. The reason of the construction given in Massachusetts does not lie here, and it by no means follows that the construction would require it.

The only authority banks have to loan and negotiate moneys on banking principles, is subject to the restrictions mentioned in that chapter. One of these restrictions is contained in § 49, and is positive and definite.

The consideration of public policy as well as the principles of law, require that these contracts should be declared illegal and void.

If the public wish the law otherwise and in their folly desire that banks should be permitted to violate the law with impunity, the Legislature have only to say so, and the object is effected. *U. S. Bank* v. *Owens*, 2 Pet. 527; 22 Pick. 181.

A minor question is here raised, that at all events the usurious interest shall be deducted. To this there is no objection, and therefore provision is made for the assessment of damages.

But we claim exemptions from a contract made in violation of law.

We object also that the actions are prematurely commenced.

*Kent*, for plaintiffs.

RICE, J. — These actions were submitted together, and depend upon substantially the same principles.

Chapter 69, § 1, R. S., establishes the legal rate of interest, in this State, at six dollars upon one hundred dollars, for one year; and at that rate for a greater or less sum, and for a longer or shorter term.

By § 49 of Bank Act, passed in 1841, no bank in this State is permitted to take any greater rate of interest or discount, on any note, draft or security, than at the rate of six per cent. a year.

These Acts went into operation at the same time, and their

provisions, so far as the rate of interest is concerned, are entirely consistent with each other, except in this, that interest or discount may be calculated by banks according to the established rules of banking, and when the securities discounted are payable at another place, they may, in addition to said interest, charge the then existing rate of exchange between the place of discounting and the place where such security may be payable.

The two statutes are to be construed together, the general law being modified by the specific provision of the banking law, so far, and only so far, as the latter varies from the former.

Banking companies are within the provisions of the statute against usury. *Maine Bank* v. *Butts*, 9 Mass., 49. Formerly, the penalty for taking usurious interest, was the forfeiture of the entire sum loaned. On general principles, a contract made in violation of law, cannot be enforced in a court of law. But it is competent for the Legislature to provide a penalty less severe for an infraction of law, and it has so done in relation to usurious contracts. By § 2, c. 69, R. S., the penalty provided for usurious contracts, is a forfeiture of the excess over and above the legal rate of interest. This statute is general in its terms, and applies as well to corporations as to natural persons, and in all cases, unless modified by specific statute provisions.

Where accommodation paper, no matter what may be its form, is discounted by a party, with knowledge of its true character, the defence of usury may be set up between the parties to such paper, and the party by whom it is originally discounted, and the excess of interest above the legal rate avoided. The penalty of the statute cannot be evaded by a mere change of form. The actions in this case were not prematurely commenced.

According to the terms of the report, the actions are to be defaulted, the defendants to be heard in damages by the Court.