PASQUALE J. DEVITO *vs.* LOUIS FREBERG ET ALS.

First Judicial District, Hartford, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

General Statutes, § 4798, forbids loans by others than pawnbrokers at a rate of interest greater than twelve per cent per annum; and § 4799 prescribes that no one shall, "with intent to evade the provisions of § 4798," accept a note for a greater amount than that actually loaned. *Held* that the mere acceptance of such a prohibited note by the plaintiff did not necessarily and as matter of law supply the essential element of illegal intent, since the intent is always open to an explanation of innocence upon the part of the lender, if that can be established by proof of the surrounding circumstances.

The circumstances attendant upon the taking of such a note may frequently point so irresistibly to a concealed corrupt motive as to demand the inference of an accompanying intent to evade the statute; but this is not always true, and the question of intent is thus left to the trier to be determined as one of fact.

It appeared from the finding in the present case that the note, which was for $225, was executed by the maker and by the indorsers in the absence of the plaintiff, who had never loaned money before, and that when he was induced to take it by the maker, it was mutually understood that the latter's obligation was limited to $200, the amount of the loan; and that in taking the note the plaintiff had no intent to evade any statute touching the subject. *Held* that the evidence certified upon appeal justified these conclusions of fact, and precluded an amendment of the finding as requested by the defendants.

Argued October 9th—decided December 22d, 1919.

ACTION by the payee against the maker and indorsers of a promissory note for $228.73, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $210, and appeal by the defendants. *No error.*

The General Statutes provide that no person shall, "directly or indirectly, loan money to any person and,

directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per centum per annum" (§ 4798); that no person "shall, with intent to evade the provisions" just enumerated, "accept a note or notes for a greater amount than that actually loaned" (§ 4799); that no person "shall charge a borrower with any expense . . . of negotiating a loan, or charge, at the time of making the loan, the expense of collecting the interest and principal of the loan," unless such charge and the agreed interest shall together not exceed twelve per centum on the loan during any one year (§ 4800); and that "no action shall be brought to recover principal or interest, or any part thereof," on any loan so prohibited, "or upon any cause arising from the negotiation of such loan" (§ 4802).

Freberg, one of the defendants, asked the plaintiff, DeVito, to lend him $200, offering a bonus of $25 for the loan. The men were intimate friends and DeVito, who had never before loaned money, refused the bonus, but promised to lend the money if Freberg would get "suitable endorsers" on a note for his security. The next morning DeVito drew $200 from the bank and delivered the money to Freberg, who handed him his executed note for $225 payable to DeVito and indorsed by the other two defendants. DeVito took the note "upon the insistence" of Freberg, but with the concurrent mutual understanding of both that the maker's obligation was on a loan of $200 only. The paper in suit is the second renewal of the note so given,—no part of either of the others having been paid at its maturity, —and the excess amount over the face of the first note represents accumulated protest fees. The plaintiff drew neither of the notes, and accepted each of them only as found, and with no intent to evade the provisions of the statute.

The defendant indorsers having been duly notified of the nonpayment of the second renewal note, this action was brought upon it, and defenses were interposed setting up the claimed illegality of the transaction under the statutes referred to. The court found that $210 was due upon the note and rendered judgment for that amount.

The evidence and rulings upon the trial were certified to this court, and the appeal assigns error in the refusal of the trial judge to find certain facts claimed to be material, and in ruling and holding (1) that the loan violated no provision of the statutes already referred to; (2) that the plaintiff took the original and each renewal note without intent to evade the statutes; and (3) that the statutes did not prohibit the bringing of this action.

*James B. Henry*, for the appellants (defendants).

*John W. Coogan*, with whom was *John R. Hayes*, for the appellee (plaintiff).

CASE, J. The finding acquits the plaintiff of any forbidden act or bargain in making the loan, as well as of any unlawful intent in taking the note to secure its payment. The evidence certified to us justifies each of these conclusions of fact, and both must stand. It was undisputed that the only suggestion of a bonus or charge for the use of the money, came from Freberg, the borrower, and other testimony gave ample warrant for finding not only that DeVito refused it, but that the note was urged upon him by Freberg with an express understanding that the lender neither wanted nor expected anything more than the repayment of his money. Any apparent inconsistency between that attitude and a reluctant acceptance of the note for an amount greater than the sum lent, was a matter for

the trial court to consider in weighing the testimony. In no event is it suggestive enough to militate with us against the explicit finding on this feature of the case.

The defendant seems to contend, however, that where the amount of the note exceeds the amount of the loan by a sum greater than the interest charge sanctioned by the statute, that fact alone supplies the illegal intent and conclusively establishes a violation of the statute. This is not true. Whether in taking the note for more than the underlying loan the plaintiff intended to evade the prohibitions of the statute, was in itself a vital question of fact for the trier's determination,— as the matter of intent always must be in cases arising under this or any analogous statute aimed at usurious practices. *Douglass* v. *Boulevard Co.*, 91 Conn. 601, 604, 100 Atl. 1067. For while the taking of the note was indispensable to bring this phase of the transaction under the ban of the statutes, the further element of a specific unlawful intent was equally so. Proof of the former of course does not of itself establish the latter, and so long as the main fact of taking the note is susceptible of an explanation which strips the act of the attendant intent required to make it offensive to the law, that explanation must be always available to one challenged under either the civil or criminal aspect of the statute.

This in no sense loses sight of the fact that cases may be frequent where the circumstances surrounding the taking of such a note point so irresistibly to a concealed corrupt motive as to demand the inference of an accompanying intent to evade the statute. This case is not of that class, as the record discloses it to us, and the trial court's finding absolving the plaintiff of any such intent, was fairly if not necessarily forecast by the facts found to attend the actual negotiation of the loan.

These considerations dispose of the defendant's final claim. Since neither the loan nor the taking of the note violated any provision of the statutes relating to the subject, this action upon the note was obviously not within the prohibited class.

There is no error.

In this opinion the other judges concurred.