BENJAMIN H. BURDON *vs.* HERMAN UNRATH.

MARCH 26, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Usury. Interest in Advance.*

Under the Usury Act (Gen. Laws, 1923, cap. 228, secs. 7, 8, 9) interest at the highest legal rate can not be reserved in advance either on long or short time loans, and such reservation of interest in advance renders the loan usurious and the fact that the lender did not intend to violate the statute by his act, is immaterial.

TRESPASS ON THE CASE to recover payments made by plaintiff in repayment of an alleged usurious loan. Heard on exceptions of defendant and overruled.

STEARNS, J. This is an action on the case to recover certain payments made by plaintiff to defendant in repayment of an alleged usurious loan (Pub. Laws, 1909, C. 434, amended by Pub. Laws, 1912, C. 838, now Gen. Laws, 1923, C. 228, sections 7, 8 and 9).

This case has once before been in this court and a new trial was ordered. 46 R. I. 89.

In the second trial, on motion made, the court directed a verdict for plaintiff for $4,500.

The case is here on defendant's bill of exceptions.

The material facts briefly in regard to the transaction between plaintiff and defendant are as follows: Plaintiff secured from defendant a loan for his son Benjamin H. Burdon, Jr., and one Frothingham, and gave defendant his note for $4,500, secured by a mortgage on his real estate, payable to defendant three months after date, with interest at the rate of 30% per annum, payable in advance. Defendant deducted $337.50 in payment of the maximum rate of interest on $4,500 in advance. The actual amount of money received by plaintiff was $4,162.50. Additional payments were made by plaintiff to a real estate broker for an appraisal of the mortgaged real estate and to an attorney for examination of the title, and for the recording of the mortgage. Plaintiff claimed these payments were made to agents of defendant to secure the loan and as a part payment therefor. Defendant does not deny that these payments were made, but claims that neither the broker nor the attorney were his agents. The trial justice held they were not defendant's agents. We have not considered these additional payments, although if a decision of the question of the agency was now necessary it might be held to be a disputed question of fact for the jury and not for the trial justice. The sole question is,—did the taking by the

lender of the maximum interest in advance make the transaction usurious and illegal. If it did, plaintiff is entitled to recover the money he has paid to the lender in repayment of the loan.

Section 7, C. 228, is as follows: "No person, partnership or corporation, hereafter loaning money to or negotiating the loan of money for another, except duly licensed pawnbrokers, shall, directly or indirectly, reserve, charge or take interest on such loan, whether before or after maturity, at such a rate, or reserve, charge, or take compensation for services or expenses incidental to the making, negotiation or collection of such loan, in such an amount, that the total of one year's interest, reckoned at the rate so reserved, charged or taken, and of all such compensation for services and expenses, shall exceed thirty per centum of the amount actually received by the borrower, on all amounts exceeding fifty dollars, whether in one or more loans, and on all amounts not exceeding fifty dollars, five per centum per month, for the first six months, and thereafter two and one-half per centum per month of the amount actually received by the borrower."

Section 8 provides a penalty of fine or imprisonment for violation of the act. Section 9 provides that every contract in violation of the act and any security for the performance of such contract shall be usurious and void, and if the borrower shall make at any time any payment, either of principal or interest, whether to the lender or to any assignee of such contract, the borrower shall be entitled to recover from the lender the amount so paid in an action of the case. By section 10 pawnbrokers are exempted from the provisions of the act.

The language of the statute is simple and easy to understand. The lender is forbidden, either directly or indirectly, to reserve or take interest or compensation for expenses incidental to the loan transaction in such an amount that the total of one year's interest and of any such compensation,

shall exceed thirty per centum of the amount actually received by the borrower.

The standard for computation of the maximum interest and the test of the transaction is not the stated amount of a loan, but the amount of money actually received by the borrower. The offense of usury is wholly the creation of the statute. In the absence of any agreement, 6% per annum is the legal rate of interest in this state. (C. 228, s. 6). By agreement between lender and borrower on all loans exceeding fifty dollars the maximum rate of interest permissible is 30% a year on the amount actually received by the borrower. In the case at bar the interest received in advance by the lender was at the rate of over 32% a year on the amount received by the borrower. This was a clear violation of the statute and made the contract usurious and illegal. It is argued that as the statute does not specifically prohibit the taking of interest in advance and as it is common commercial usage for banks to deduct interest in advance on short term loans, that the reservation of the maximum of interest does not make a loan usurious. There are many authorities which support this contention. But the decision of the question in each jurisdiction is dependent on the construction of the particular statute. Where this practice has been held to be legal, so far as we are aware, the maximum legal rate of interest has in no case been in excess of 10 or 12% a year, a rate which has some near relation to regular banking rates. As interest is payment for the use of money, the result where this usage is recognized is that the borrower is compelled to pay for the use of a certain amount of money which he has never had. But the statutes of usury are many and varied. Our statute is one of the later ones and differs from many, in that it expressly makes the legality of the agreement for the rate of interest dependent on the amount received by the borrower. The language of the act does not justify the addition to the expressed exceptions therein, of another exception by implication. To

the same effect, under a similar statute, see *Purvis* v. *Frink*, (1909), 57 Fla. 519.

It is also claimed that defendant did not intend to violate the statute and consequently the penalty for usury should not be enforced. It is generally held that to make a transaction usurious there must be an unlawful intent on the part of the lender to violate the law, although this rule is not universal. See *Sylvester* v. *Swan*, 5 Allen 134; *Reed* v. *Coale*, 4 Ind. 283; *Fiedler* v. *Darrin et al.*, 50 N. Y. 437; *Van Beil* v. *Fordney*, 79 Ala. 76; *Hathaway* v. *Hagan*, 59 Vt. 75. In the case at bar it appears that plaintiff was willing to pay almost any interest to secure the loan. Defendant insisted that his attorney be brought into the transaction. The attorney read the statute to the parties, but he was not asked nor did he advise as to the legality of the reservation of the maximum rate of interest in advance. The attorney testified that defendant wanted to get all he could and be within the law; that he advised defendant that 30% was the maximum amount he could charge and that was the reason that it was decided to charge that rate. The intent of the lender was to do exactly what he did. His mistake, if any, was one of law not of fact. This is no excuse for the violation of the statute. To hold otherwise would violate an established principle of law and would furnish to avaricious lenders a convenient excuse for an evasion of the law. Under the statute interest at the highest legal rate can not be reserved in advance, either on long or short time loans.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Morgan & Morgan, Daniel P. Macdonald,* for plaintiff.

*Greenlaw, Tilley & Tetlow,* for defendant.