COLONIAL PLAN COMPANY *vs.* NICOLA TARTAGLIONE *et al.*

DECEMBER 2, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. This case is here on exceptions of plaintiff taken at the close of testimony to action of the court (1) directing a verdict for defendant and (2) refusing to direct a verdict for plaintiff.

The facts are undisputed. The action was based on a promissory note for three hundred dollars given for a loan

which came within the terms of "An act to regulate the business of making small loans." Pub. Laws, 1923, Ch. 427.

Plaintiff, admittedly, was licensed to take the note in question which was dated August 23, 1924, and was signed by the three defendants. A pass book was given to defendant Tartaglione showing the amount of the loan and what payments of both principal and interest were due on various dates. This book also contained a copy of Section 13 of the act, showing that interest "shall not be payable in advance" and that, if interest was received contrary to the terms of the act, the contract of loan was void and plaintiff barred from collecting either principal or interest.

Without entering upon the details of the amounts due, which on the principal were $6 per week commencing August 30, it is sufficient to say that three payments were made by Tartaglione of $12 each on September 13, 27 and October 4, 1924, and that of the first payment $6 was applied by plaintiff on the principal and $4.50 on the interest. Out of the next $12 received $6 was applied on principal and $5.88 on interest and of the last $12 received $6 was applied on principal and $5.76 on interest. Interest was credited on the pass book in three items of $1.50 each, totaling $4.50 on September 13, four items of $1.47 each, amounting to $5.88 on September 27 and four items of $1.44 each, aggregating $5.76 on October 4. The total interest credited was $16.14. The unapplied balance of $.86 due on interest after the payments of interest to cover eleven weeks has since remained in plaintiff's possession. Later payments on account of the principal, amounting to $65 need not be considered.

From the above statement it appears, and plaintiff admits, that during the first six weeks after the loan was made interest for eleven weeks was taken. It is plain, too, that the amount taken for the eighth, ninth, tenth and eleventh weeks was $1.44 each whereas the scheduled amounts due for those weeks were respectively: $1.29, $1.26, $1.23 and $1.20. In fact all interest credits after

the third week were of greater amounts than was due. Plaintiff's evidence was that this crediting of interest took place at the direction of one of the makers of the note who also was a director of plaintiff corporation. The reason given by plaintiff's treasurer for such action was that it expected it would be hard to collect the interest as it fell due.

It is conceded that the note was void if excessive interest was taken and that "interest shall not be payable in advance." The act also forbids a contract for or receipt of any other charge under any guise against the borrower and violation of this statute by receipt of interest in advance or making of other charge renders the contract void.

The question presented by the motions to the Superior Court was whether receipt of interest and credit thereof in advance of due dates, even though so requested by the debtor, rendered the note in suit void. Plaintiff urged that such receipt did not violate the statute because the credit for interest was made without intent to take usurious interest.

Usury laws are creations of statute. The question whether inadvertent acceptance of a rate of interest in excess of that allowed by our statute would render a note void was not raised because there was no mistaken or inadvertent acceptance of interest in advance. No clerical error was made in crediting it. Plaintiff had full knowledge of and intended to credit defendant with payment of eleven weeks of interest at a time when but six were due. Interest for five weeks in advance was intentionally taken and credited on the note. Whether plaintiff intended to violate the statute was immaterial. *Burden* v. *Unrath*, 47 R. I. 227. It did collect the interest in advance. Indeed, its treasurer says that it did this at the direction of one of the comakers. The statute does not permit the lender to make such an arrangement even with a willing borrower. To permit it would open the door to the very abuses and opportunities to take advantage of small borrowers which the statute is designed to prevent. At the time of crediting these pay-

ments plaintiff could have insisted on application of all the payments on the principal because $36 was then due. This would have left interest in arrears but plaintiff did not see fit to so act. The fact that plaintiff could have kept within the law by doing something other than it did can not warrant disregard of explicit provisions of the statute. Our statute is drastic. It plainly is intended to prevent advantage being taken of small borrowers, who often are driven into improvident arrangements by their necessities. For this reason the statute requires approval by the bank commissioner of lenders engaged in making such loans and further provides that interest may not be received by them in advance with the penalty that if it be so received the loan shall be void and the lender shall have no right to collect either principal or interest.

The trial court correctly directed a verdict for defendant and denied plaintiff's motion for direction of a verdict in its favor.

Plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Knauer & Fowler, Arthur N. Votolato,* for plaintiff.
*John H. Di Stefano,* for defendant.