LESTER E. SHIPPEE, BANK COMMISSIONER, *vs.* PALLOTTI, ANDRETTA & COMPANY, INCORPORATED; IN RE APPLICATION OF PIETRO MANCINI FOR PAYMENT OF CLAIM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 3d—decided April 19th, 1932.

*Allan E. Brosmith,* with whom was *James F. Brennan,* for the appellant (the receiver).

*Edward S. Pomeranz,* with whom, on the brief, were *S. Polk Waskowitz* and *George Miske,* for the appellee (the petitioner).

AVERY, J. The parties have stipulated as to the following facts: On and before December 2d, 1930, Pallotti, Andretta & Co., Inc., was a private banker with a principal place of business in the city of Hartford, and engaged, among other things, in receiving deposits and also receiving money for transmission. December 2d, 1930, Pietro Mancini, the petitioner, who, at the time, was not a depositor of the bank, delivered and intrusted to it, at its regular place of business in Hartford, the sum of $1055 in cash. He directed that this sum, less a reasonable charge for transmission, be exchanged for its equivalent value in Italian currency, and that the sum as exchanged be transmitted at once and delivered forthwith for deposit to his account at the Postal Bank in Rome, Italy. At the same time, the petitioner delivered to Pallotti, Andretta & Co., Inc., his deposit book for the entry of the deposit at the bank in Italy. In compliance with the request of the petitioner, the bank accepted the sum of money, issued to him a receipt for 20,000 Italian lire, and then and there agreed through its agent, for a reasonable fee, to transmit at once and forthwith deliver the sum of money as exchanged to petitioner's bank in Rome. The defendant bank further agreed to return Mancini's deposit book to him after the entry of the deposit had been made at the bank in Rome.

Pallotti, Andretta & Co., Inc., did not send or transmit the money until December 18th, 1930, sixteen days after its delivery by Mancini. The money was never delivered for deposit to his account in Rome, and Pallotti, Andretta & Co., Inc.'s draft, representing the money, was never paid because, before the draft was presented for payment, the banking functions of Pallotti, Andretta & Co., Inc., were suspended by the appointment of a receiver by the Superior Court for Hartford County, December 23d, 1930. The foregoing transaction was the only one ever had between the petitioner and Pallotti, Andretta & Co., Inc., and there is now, in the hands of the receiver, insufficient funds to meet the claims of all creditors in full, but sufficient to meet the petitioner's claim.

Upon application of the claimant for the payment of his claim in full, the court ruled that he was entitled to a preference over general claims involved in the receivership, and from this ruling the receiver has appealed. The sole question involved is whether the petitioner is entitled to a preference; and, if so, the order of his priority. The business of private bankers and forwarders of money is regulated by Chapter 208 of the General Statutes of 1930. Section 3949 defines the term "private banker" as meaning, with certain exceptions, any person engaged, among other things, in the business of receiving money for transmission; § 3951 provides for the giving of security, with the state treasurer, by persons engaged in the business of forwarding money; and § 3955 provides for the winding up of the affairs of such a private banker, engaged in the business of receiving money from depositors or from persons delivering money to the bank for transmission, by the bank commissioner in case of insolvency, the liquidation of the property and assets, and the distribution of the avails thereof among the credit-

ors of said private banker. Upon this subject, the statute provides: "Such avails shall be applied as follows: (1) To the charges and expenses of settling the affairs of such private banker; (2) to the payment of the deposits of such private banker and the money intrusted to such private banker for transmission; (3) to the payment of all other liabilities of such private banker. The balance of such avails, if any, shall be paid to such private banker." It is competent for the legislature to prescribe the order in which creditors of an insolvent shall be paid. *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 190, 90 Atl. 369. The statute in unmistakable terms has provided that in the distribution of the assets of a private banker, the owner of money intrusted to such bank for transmission comes into the second class in the order of distribution, on a parity with the depositors of such private bankers, and ahead of all other liabilities except the charges and expenses of settling the affairs of such private banker, which are classified in the first class in the order of preference. We can only regard the money delivered to Pallotti, Andretta & Co., Inc., by the petitioner as money intrusted to it for transmission within the intent and meaning of the statute. It may be that, were it not for the statute, the petitioner might claim that the bank received and dealt with the money as bailee or trustee. But the statute was in force at the time of the transaction, the petitioner was bound with knowledge of it, and he must be assumed to have dealt with the bank upon the basis it established. In the event of the settlement of its affairs by a receivership, the statute definitely classes money received for transmission with money received for deposit and directs that they both be dealt with in the same manner. When it provides that the assets are to be distributed among the "creditors" of the banker, it clearly means

to include within that term both the depositors and those who have delivered money to it for transmission. The legislature, having determined that in the liquidation of the affairs of a private banker the owner of money intrusted for transmission is entitled to the same benefits as depositors in such private bank, and having placed both in the same class, judgment should be entered by the Superior Court, directing the receiver to classify this claim in the second class with the claims of depositors, to be paid pro rata with the other members of that class from the avails of the assets of the insolvent bank.

There is error; the cause is remanded to the Superior Court with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.