THE ATLAS REALTY CORPORATION *vs.* HAROLD J. HOUSE.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued May 12th—decided June 2d, 1937.

*William S. Locke,* with whom, on the brief, was *Ralph O. Wells,* for the appellant (defendant).

*Louis H. Katz,* for the appellee (plaintiff).

BROWN, J. This action was brought by complaint in two counts on two joint and several notes given by the defendant and another, payable to the order of the plaintiff. The allegations of the complaint and the defendant's answer thereto are set forth in substance in our opinion upon a previous appeal reported in 120 Conn. 661, 183 Atl. 9. It was determined by that decision that § 4737 of the General Statutes, exempting any bona fide mortgage of real property for a sum in excess of $500 from the statutory provisions against usurious loans, the relevant sections of which are recited in the footnote,[2] does not apply in an action brought to recover on the note itself, although it be se-

[2] Sec. 4732. LOANS AT GREATER RATE THAN TWELVE PER CENTUM PROHIBITED. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 2950, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per centum per annum.

SEC. 4733. NOTES NOT TO BE ACCEPTED FOR GREATER AMOUNTS THAN LOANED. No person and no firm or corporation, or agent thereof, shall, with intent to evade the provisions of section 4732, accept a note or notes for a greater amount than that actually loaned.

Sec. 4736. ACTIONS NOT TO BE BROUGHT ON PROHIBITED LOANS. No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 4732, 4733 and 4734, or upon any cause arising from the negotiation of such loan.

Sec. 4737. LOANS TO WHICH PRECEDING SECTIONS DO NOT APPLY. The provisions of sections 4732, 4733 and 4734 shall not affect any loan made prior to September 12, 1911, nor any loan made by any national bank or any bank or trust company duly incorporated under the laws of this state nor any bona fide mortgage of real property for a sum in excess of five hundred dollars. No provision of this section shall prevent any such bank or trust company from recovering by an action at law the amount of the principal and the interest stipulated or interest at the legal rate, if interest is not stipulated, in any negotiable instrument which it shall have acquired for value and in good faith without notice of illegality in the consideration.

cured by such mortgage. Pursuant to this decision the plaintiff's demurrer to the defendant's answer was overruled by the trial court. The pleadings then comprised the plaintiff's complaint, which in the first count recited an instalment note of the defendant and his partner for $4375 given to the plaintiff, default of payment thereon, and the balance due, and in the second count similar allegations as to a note for $1500; and the defendant's answer to each count denying the amount claimed due, and further alleging that the note was accepted by the plaintiff with intent to violate § 4732 of the General Statutes, and that the amount actually loaned on the $4375 note was but $3500, and on the $1500 note but $1200. After our decision rendered January 8th, 1936, remanding the case, the plaintiff by its reply filed June 12th, 1936, alleged that $875 of the $4375 note, and $300 of the $1500 note was a bonus, that each note was secured by a bona fide mortgage of real property for a sum in excess of $500, that it made the loans with no intent to violate § 4732 or other than to receive the amounts actually loaned with legal interest, and offered if the loans as made would result in the payment of an interest rate greater than that allowed by law, to reduce its claim by such amount. By his rejoinder the defendant admitted the allegations of the reply as to the bonus involved in each note, and denied the others.

In rendering judgment for the plaintiff to recover on each note the actual balance due plus interest at 6 per cent., but excluding the bonus and excess interest, the court ruled that it did not appear that the plaintiff had the specific intent to evade the provisions of § 4732 essential to a violation thereof barring recovery. This gives rise to the principal question upon this appeal. The finding establishes these essential facts bearing upon this issue: Incident to obtaining

money to complete the construction of their house on Livingston Road in East Hartford, the defendant and his partner gave the plaintiff their ten year instalment note at 6 per cent. for $4375 as alleged in the first count, secured by a second mortgage on the property, and received in return a loan of $3500. The difference of $875 charged as a bonus compared favorably with the rates charged according to the existing custom for loans of this nature at the time, as the defendant well knew, and in agreeing to it he was satisfied that it constituted the best terms then available. Both parties acted in good faith upon the assumption that being a loan in excess of $500 secured by a mortgage upon real estate within § 4737, the statutes against loans at a rate in excess of 12 per cent. did not apply. Up to the time of default in payment the plaintiff demanded and the defendant or his successor in the ownership of the equity paid, interest and instalments of principal in accord with the tenor of the note. At no time did the plaintiff offer the defendant any rebates or reductions, or indicate that anything else than full payment according to the terms of the note would be required. At this second trial it offered evidence of the amount due and demanded judgment upon this basis, but offered if payment of such claim should result in payment of an interest rate greater than that allowed by law, to reduce its claim by such amount. The bonus represented a charge for the use of the money loaned, in addition to the interest expressly reserved, so that repayment of the note according to its terms would require payment of interest at a rate in excess of 12 per cent. per annum of the amount actually loaned. In a transaction of the same nature the note described in the second count was given, being a six year instalment note at 6 per cent. for $1500, secured by a second mortgage on property on Long

Hill Drive, in return for which the defendant and his partner received $1200, the difference of $300 being charged as a bonus. The other facts above recited pertaining to the $4375 note apply to this note also.

The pleadings printed in the record disclose these further facts: On or about March 19th, 1935, by its writ and complaint of that date claiming $2700 damages, the plaintiff commenced this action upon these notes, alleging a balance due upon each as ascertained by crediting the payments made on the total amount called for by its terms. By the defendant's answer filed April 17th, 1935, and by argument of his counsel upon the plaintiff's demurrer thereto, which the court sustained on June 19th, 1935, it was pointed out to the plaintiff that these notes required payment of interest in excess of that allowed by law, and that enforcement of the plaintiff's demand embodied in the complaint would be in violation of the law regarding usury. Notwithstanding, the plaintiff thereafter on July 11th, 1935, increased the ad damnum of the complaint to $3000 and filed an affidavit of claim calculated to that date on the basis above stated, whereon it claimed and obtained as of August 28th, 1935, the judgment reversed by our decision on the previous appeal.

The court's conclusion that the plaintiff did not "charge, demand, accept or make any agreement to receive interest at a rate greater than 12 per cent. per annum," is not only unsupported by the subordinate facts found but the contrary is conclusively established thereby, and this conclusion was therefore unwarranted. The same is true of its further conclusion that "the commencement of action was not tantamount to a demand for payment in excess of the statutory limit of interest." The court further concluded that the plaintiff did not accept these notes with the intent to

evade the provisions of § 4732; that the action was not brought to recover principal or interest on any loans prohibited by statute; and that the plaintiff is entitled to recover the amount which would have been due on the notes had no bonuses been added to the face thereof. Thus the concrete question presented, fundamental to the determination of this appeal, is whether, when a money lender charges and demands interest in excess of that allowed by law with the intent to collect the same, it may in its action to collect thereon, avoid the defense of usury upon the ground that it was ignorant of the law prohibiting such conduct.

The mere fact that the amount of a note exceeds the sum actually loaned by an amount greater than the interest charge sanctioned by the statute, does not conclusively establish an intent to transgress its terms, but the law will tear off any disguise from the transaction and if the purpose is to evade the provisions of the statute the loan will be treated as usurious. *Douglass* v. *Boulevard Co.*, 91 Conn. 601, 605, 100 Atl. 1067; *DeVito* v. *Freberg*, 94 Conn. 145, 148, 108 Atl. 547; *Mutual Protective Corp.* v. *Palatnick*, 118 Conn. 1, 4, 169 Atl. 917; *Bank of the United States* v. *Waggner*, 34 U. S. (9 Pet.) 378, 399; 27 R. C. L. p. 221, § 22; Webb, Usury, p. 33, § 33. The court's express finding in this case that in each instance the bonus was a charge for the use of the money loaned in addition to the interest expressly reserved in the note, differentiated it from the case where the bonus is paid as consideration of the granting of the loan which, because of the risk involved or other circumstances otherwise might be unattainable, such as referred to in *Cohen* v. *Mansi*, 113 Conn. 91, 93, 154 Atl. 160. On the record of the present case the bonus is a part of the interest

charge, thus resulting in an interest rate in excess of the permissible 12 per cent.

The remaining question which we have not before passed upon, is as to whether this usurious intent is merely the intent to exact payment which in fact and law is usurious, or is the intent to exact such payment with specific knowledge that it is prohibited by law. The defendant claims that it is the former. The plaintiff claims that it is the latter, and that since both parties believed up to the time of the decision on the previous appeal that these loans were within § 4737 and so could lawfully be made, no intent to violate § 4732 can be found, and § 4736 does not bar recovery herein.

The overwhelming weight of authority supports the defendant's contention and is well summed up in these words: "The voluntary taking or reservation of more than the legal rate of interest is per se usurious, and the offense is not condoned by want of intent to violate the law. Though the lender may not intend to be guilty of usury, yet he is nevertheless guilty, for he intends to do what he does, but mistakes the law." 27 R. C. L. p. 222, § 23. And again: "The intent which enters into and is essential to constitute usury is simply the intent to take and reserve more than permitted by law for the loan. . . . By the weight of authority usurious intent is implied if excessive interest is intentionally taken or reserved. . . . If the mistake be as to the legal right to require the excessive payment, which is received in good faith, there is nevertheless usury. Ignorance of the law excuses no one, not even an honest money lender." 66 C. J. pp. 177, 178, 179. And further: "When the existence of the agreement for payment of unlawful interest is proved, it is not necessary to further prove an actual intention to violate the law. The parties may have been in fact

ignorant of the law; but generally the rule ignorantia legis neminem excusat." Webb, Usury p. 35, § 35. "The intent of the lender was to do exactly what he did. His mistake, if any, was one of law not one of fact. This is no excuse for the violation of the statute. To hold otherwise would violate an established principle of law and would furnish to avaricious lenders a convenient excuse for an evasion of the law." *Burdon* v. *Unrath,* 47 R. I. 227, 231, 132 Atl. 728, 730. See also *Maine Bank* v. *Butts,* 9 Mass. 49, 55; *Bank of Salina* v. *Alvord,* 31 N. Y. 473, 475; *Cotton* v. *Commonwealth Loan Co.,* 206 Ind. 626, 190 N. E. 853, 856; *Teshner* v. *Roome,* 106 Ore. 382, 212 Pac. 473, 475; *Sylvester* v. *Swan,* 87 Mass. (5 Allen) 134; 3 Williston, Contracts (1920 Ed.) p. 2981, § 1698; Note, 46 Am. St. Rep. 179-182.

This conclusion supported by the great weight of authority, is further fortified by strong reasons of public policy. To permit a usurer to avoid the consequences of his usury by asserting his ignorance of the law would open the door wide to evasions of the law. The familiar legal maxims, that everyone is presumed to know the law, and that ignorance of the law excuses no one, are founded upon public policy and in necessity, and the idea back of them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of men's minds. See 10 R. C. L. 873. This rule of public policy has been repeatedly applied by this court. *Stevens* v. *Neligon,* 116 Conn. 307, 311, 164 Atl. 661; *Shippee* v. *Pallotti, Andretta & Co., Inc.,* 114 Conn. 658, 661, 159 Atl. 896; *Rindge* v. *Holbrook,* 111 Conn. 72, 76, 149 Atl. 231; *Crandall* v. *Lincoln,* 52 Conn. 73, 100.

It is our conclusion that the sound and the better

rule is that where the intent to exact payment of interest which is in fact and law usurious exists, a specific intent to violate § 4732 is not essential, and that therefore the trial court erred in so holding. Since this determination of the appeal requires that judgment be ordered for the defendant, it is unnecessary to discuss the claimed errors of the court in ruling upon evidence.

There is error, and the case is remanded to the City Court of Hartford with direction to enter judgment for the defendant.

In this opinion the other judges concurred.