In re Glenn R. SWARTZ, Jr., Debtor.

HOUSEHOLD FINANCE CORP.,
Plaintiff,

v.

Glenn R. SWARTZ, Jr., Defendant.

Bankruptcy No. 8200636.
Adv. No. 820362.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 15, 1984.

Francis X. Mackey, John Tramonti, Jr., Providence, R.I., for plaintiff.

David A. Cooper, Providence, R.I., for defendant.

## DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, HOLDING LOAN USURIOUS AND PAYMENTS REFUNDABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on cross-motions for summary judgment.

Household Finance Corporation, the plaintiff in this matter, filed a complaint to have its loan to Glenn R. Swartz, Jr. declared nondischargeable. Swartz counterclaimed (Count I) that the loan contract between the parties is usurious and void because it provides for charges in excess of the legal maximum of twenty-one percent per annum on the unpaid principal balance, in violation of R.I.GEN.LAWS § 6–26–2. Count I also urges that Swartz be allowed to recover all payments of principal and interest made to Household Finance Corporation on account of this allegedly illegal loan, pursuant to R.I.GEN.LAWS § 6–26–4. The dispositive question is: Does the collection or retention of a recording or filing fee by a lender who has already charged the maximum legal rate of interest render the transaction usurious under Rhode Island law?

### FACTS

The facts are undisputed.[1] On December 12, 1980, Glenn Swartz entered into a consumer loan transaction with Household Finance Corporation. The amount financed, evidenced by a promissory note (Exhibit A), was $3,031.05, of which $2,529.64 was disbursed to the borrowers. The difference between the two figures ($501.41) consists of $204.18 for Credit Life Insurance, $293.23 for Credit Disability Insurance, and a $4.00 filing fee. It is the charge of the $4.00

filing fee which renders the loan usurious, according to Swartz.

The loan agreement provides for interest at the annual percentage rate of twenty-one percent, the maximum allowed under Rhode Island law, and which in this case amounts to $1888.95 over the term of the contract. Swartz was informed by Household's loan officer that the $4.00 filing fee was to be used by Household to record a security interest in "All Household and Consumer Goods" belonging to Swartz, and that said filing fee did not constitute an interest charge of any kind. See affidavit dated November 5, 1982, of Glenn R. Swartz, Jr.

It is agreed that the $4.00 filing fee was requested and received by Household Finance Corporation, that said filing fee was not paid by Household to the Secretary of State, and that no UCC–1 financing statement was recorded at any time. With respect to Household's failure to record the security interest, "[a] thorough random examination of Household Finance Corporation's record[s] at its East Providence Branch does not disclose additional cases in which the $4.00 filing fee was charged and not paid to either the Secretary of State or the Registry of Motor Vehicles." (Debtor's Further Response to Objection to Creditor's Motion for Judgment on the Pleadings to Count I of Debtor's Counterclaim, at 1).

It is undisputed that if $4.00 is added to the stated finance charge of $1,888.95, the aggregate amount obtained in excess of the loan net proceeds exceeds the twenty-one percent maximum interest to loan ratio.

### DISCUSSION OF LAW

■ Since there is no genuine issue as to any material fact, this matter is presentable for summary judgment. See United Nuclear Corp. v. Cannon, 553 F.Supp. 1220, 1226 (D.R.I.1982); Bankruptcy Rule 7056; Fed. R.Civ.P. 56. Because the loan in question was executed in Rhode Island and the par-

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

ties to the agreement are residents of the state or carrying on business within the state, 11 U.S.C. § 502(b)(1), which pertains to the allowance of claims, requires that Rhode Island law be used to determine whether this transaction is usurious.

R.I.GEN.LAWS § 6–26–2 (1969), which was the applicable statute at the time of the loan in question, provides that:

> no person, partnership, association, or corporation loaning money to or negotiating the loan of money for another . . . shall, directly or indirectly, reserve, charge or take interest on such loan, whether before or after maturity, at such a rate, or reserve, charge or take compensation for services or expenses incidental to the making, negotiation or collection of such loan, in such an amount that the aggregate of interest and all other amounts for services or expenses charged to the borrower shall exceed twenty-one per cent (21%) per annum of the unpaid principal balance of the net proceeds of such loan, not compounded, nor taken in advance, nor added on to the amount of the loan; provided, however, that charges pursuant to chapters 30 and 31 of title 27 and premiums for insurance . . ., if advanced by the lender, may be considered part of the net proceeds of the loan.

This statute contains only two exceptions to the twenty-one percent ceiling on interest: namely, charges for credit life insurance and charges for credit disability insurance. There is no similar exception to permit the collection of a recording or filing fee where the lender is already charging the maximum allowable rate of interest.[2] Therefore, on the face of the loan agreement, Household Finance has exceeded the interest limits prescribed by § 6–26–2.

■ The position of Household Finance is that its one-time failure to pay a $4.00 U.C.C. recording fee to the Secretary of State was a good-faith clerical error, and that the law must "allow for the sort of isolated incidence of simple human error apparent in this case." Supplemental Memorandum in Support of Plaintiff's Motion for Summary Judgment, at 2. This argument ignores the clear language of the statute, which does not permit the collection of a recording fee in the first place. R.I.GEN. LAWS § 6–26–2 (1969). Household appears to confuse the applicable 1969 statute with the 1981 amended version, which permits a lender to collect recording fees as part of "reasonable closing costs," provided such fees are actually "paid or advanced" to the proper recipient.[3] Plaintiff's assertion of good-faith error as a defense to an improper fee retention is presumably addressed to the provisions of the amended statute.[4] However, since the amendment is not retroactive, it does not apply to the 1980 loan in question, and leaves Household without a defense to the collection of the recording fee here.

■ Household Finance places reliance on the laws of other jurisdictions which provide that overcharge due to innocent mistake does not constitute usury. Those statutes are of no assistance here. Although the usury laws of the various states take many different forms, the Rhode Island statute "expressly makes the legality of the agreement for the rate of interest dependent on the amount received by the borrower." *Burdon v. Unrath,* 47 R.I. 227, 230, 132 A. 728, 729 (1926). It makes no

---

2. R.I.GEN.LAWS § 6–26–2 was amended by 1981 R.I.Pub.Laws, Ch. 173, § 2 to allow the maximum interest rate to fluctuate based upon the rate of U.S. treasury bills. The amendment, however, is applicable only to loans made after May 15, 1981, so with respect to the 1980 loan in this case, the twenty-one percent maximum applies.

3. The pertinent part of § 6–26–2(c) is as follows: "For purposes of this section, 'interest' shall not be construed to include . . . *custom-*

*ary and reasonable costs incident to the closing, supervision and collection of loans in this state.* Any of the foregoing charges, *if paid or advanced by the lender,* may be considered part of the 'net proceeds' of the loan and, if paid by the debtor, shall not be deducted from the 'net proceeds' of the loan." (emphasis added.)

4. Even as amended, however, the Rhode Island usury statute does not recognize the good faith of the lender as a defense to the improper retention of fees.

provision for bona fide error as a defense to a charge of usury, and does not permit such an exception by implication.[5] *Id.* There can be no question that "[o]ur statute is drastic" and "plainly intended to prevent advantage being taken of small borrowers." *Colonial Plan Co. v. Tartaglione,* 50 R.I. 342, 345, 147 A. 880, 881 (1929). A lender's intention to comply with the law is irrelevant under the Rhode Island usury statute, where "good faith is no defense to a charge of usury." [6] *Kirshenbaum v. DeAngelis (In re DeAngelis),* 4 B.C.D. 720, 723 (Bankr.D. R.I.1978).

 Household also argues that it made a mistake of fact, not of law, and points to *Burdon v. Unrath* where the Rhode Island Supreme Court, through dicta, indicated that a mistake of fact might not taint a transaction with usury. To me, this argument presents a distinction without a difference—but in any event, in the instant case, "[t]he intent of the lender was to do exactly what he did." *Burdon v. Unrath,* 47 R.I. at 231, 132 A. at 730. As a part of this loan, Household Finance intended to collect and did in fact receive the $4.00 in question from the borrower.

We also dismiss as being without merit Household's contention that it has not "received or obtained" the $4.00 in question from the borrower, because those funds are being held in escrow. *See* affidavit of Richard J. Primmer, Branch Manager, dated December 14, 1982. (Affidavit in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment). The $4.00 is in Household's escrow account, and since Glenn Swartz certainly has not had the use of the cash, this argument is rejected without further comment.

There appears to be no doubt that the statute in question is intended to protect borrowers from hidden and pernicious interest charges, and places total responsibility upon the lender for strict compliance. *See In re DeAngelis, supra.* To allow a lender who has collected or retained fees in excess of the legal limit to plead "innocent mistake" after discovery of the overcharge by the debtor, would surely invite precisely the kind of abuse which the statute is designed to prevent. The fact that the overcharge in this case is only $4.00 is of no consequence. The loan is usurious, and the result would be the same if the "error" amounted to four cents.

The final issue to be addressed is that raised by Swartz's request for the return of all principal and interest paid to the Household Finance Corporation on account of this loan. Household Finance has presented no argument on this issue, but the answer is obvious from reading the statute. R.I. GEN.LAWS § 6–26–4 provides, with respect to every contract that is usurious and therefore void, that:

> ... if the borrower shall, either before or after suit, make any payment on such contract, either of principal or interest, or of any part of either, ... *the said borrower shall be entitled to recover from the lender the amount so paid, in an action of the case.* (emphasis added)

For the reasons discussed above, and in accordance with the provisions of R.I.GEN. LAWS § 6–26–2 and § 6–26–4, we grant the defendant's motion for summary judgment on the ground that the loan in question is usurious and void, and order that Household Finance Corporation return any principal and interest paid by Glenn R. Swartz on account of said loan.

Enter judgment accordingly.

---

**5.** We note that the Rhode Island usury statute, amended as recently as March 3, 1982 (1982 R.I.Pub.Laws, Ch. 17, § 3) still provides no escape on the ground of bona fide error, indicating that the legislature has again chosen not to depart from the Draconian tenor of the original statute.

**6.** While the Small Loan Business Act, R.I.GEN. LAWS § 19–25–1 *et seq.,* provides for a "good faith" bona fide error defense, the usury statute does not. The parties agree that the Small Loan Business Act is not applicable in this case, because the amount of this loan exceeds its then-existing $2,500 limit.