RALPH HEBB ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WEST HAVEN

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 3—decided May 15, 1963

*Charles G. Albom,* with whom was *Axel E. Swanson,* for the appellant (named plaintiff).

*Charles H. Fischer, Jr.,* with whom, on the brief, were *Herbert D. Fischer* and *Eugene J. Dorsi,* for the appellee (defendant).

SHEA, J.   Under date of May 31, 1961, Ralph Hebb, hereinafter called the plaintiff, applied to

the zoning board of appeals of West Haven for a variance of the zoning regulations to enable him to keep and maintain a trailer park on land owned by him and his wife, Lillis. The land, consisting of approximately twenty-five acres, is in a residence A zone, the highest classification under the zoning regulations. West Haven Zoning Regs. § 2 (1957). The board denied the application, and from that decision the plaintiff, his wife and two others appealed to the Court of Common Pleas, which affirmed the action of the board. From that judgment the plaintiff and his wife appealed to this court. Lillis Hebb died while this appeal was in process.

The plaintiff has operated a trailer park on the land in question since 1944 or 1945. He testified that the first selectman of West Haven at that time asked him to make a place on the Hebb property to park some trailers which could not be placed elsewhere in town. Upon the assurance of the selectman that parking the trailers would not violate the law, the plaintiff opened a trailer park. From time to time it was enlarged, until, when the hearing on the plaintiff's present application took place, forty-three trailers were on the property. The owners of the trailers paid a monthly rent to the plaintiff. He has expended substantial sums of money to provide utilities and improvements. In April, 1959, the zoning board of appeals, on his application, granted him a special permit under the regulations to operate a trailer park on the property until June 1, 1961. Under date of May 31, 1961, he made his present application for a variance to continue the use of the property as a trailer park.

The plaintiff does not claim that the peculiar topography or location of his land makes it un-

suitable for the uses permitted under the zoning regulations. See *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 601, 108 A.2d 899. His claim to a variance is based solely on the ground that he has suffered a hardship caused by the loss of large investments or expenditures of money induced by town authorities, who misled him by making inaccurate statements concerning the law relating to trailer sites. In effect, the plaintiff's claim is that the board is, by reason of the alleged conduct of the selectman, now estopped to deny to the plaintiff the right to operate a trailer park on his land. There is no claim, nor can there be, that the selectman was acting within the scope of his authority when he assured the plaintiff that he had a legal right to park trailers on his land. A municipality cannot be estopped by the unauthorized acts of its officers or agents. *Pallman* v. *East Haven,* 135 Conn. 593, 594, 67 A.2d 560; *State ex rel. LaVoie* v. *Building Commission,* 135 Conn. 415, 420, 65 A.2d 165; 38 Am. Jur., Municipal Corporations, § 669; 1 Metzenbaum, Zoning (2d Ed.) p. 163. Estoppel may not be invoked against a municipality or its agents in matters involving a governmental function. 2 Rathkopf, Zoning and Planning (3d Ed.) p. 271; 101 C.J.S., Zoning, § 390; note, 6 A.L.R.2d 960, 965; see *Wallingford* v. *Roberts,* 145 Conn. 682, 685, 146 A.2d 588. It is a familiar legal maxim that everyone is presumed to know the law and ignorance of it excuses no one. This rule is founded on public policy and is based on the principle that the acts of a person must be considered as having been done with knowledge of the law, for otherwise the law could be evaded with facility. *Atlas Realty Corporation* v.

*House,* 123 Conn. 94, 101, 192 A. 564. The plaintiff's claim of estoppel is without merit. This is true even without consideration of the settled rule, as given in cases such as *Robinson* v. *Atterbury,* 135 Conn. 517, 520, 66 A.2d 593, that equitable estoppel is available only for protection and cannot be used as a weapon of assault.

The plaintiff contends that the zoning regulations do not bar the use of land in a residence A zone as a trailer park. This contention is inconsistent with the position taken by the plaintiff when he applied for the special permit in 1959 and for the variance in the present proceeding. Ordinarily, the duty of the court in reviewing the action of a zoning board of appeals is to determine whether the board acted illegally, arbitrarily or in abuse of its discretion. *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 442, 190 A.2d 594. The question here is whether the board acted illegally in denying the plaintiff's application for a variance. Section 3 of the regulations provides, inter alia: "In a residence zone, no building or premises shall be used and no building shall be erected . . . which is . . . intended . . . to be used . . . except for one or more of the following uses: 1. Dwellings. 2. Schools . . . ." West Haven Zoning Regs. § 3 (1957). The regulation is permissive in character. The uses which are permitted in a residence zone are specified in the regulation. A listing of things which may be done necessarily implies the exclusion of others. *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785; *MacKenzie* v. *Town Planning & Zoning Commission,* 149 Conn. 678, 680, 183 A.2d 619; 8 McQuillin, Mu-

nicipal Corporations (3d Ed. Rev.) § 25.124. Since the use of the land as a trailer park is not listed in the uses specified, the land cannot be used for that purpose.

It is not without significance that the plaintiff makes no claim that the trailers are permitted as "dwellings." To make such a claim would defeat his own purposes, because there has been no attempt to conform to the requirements of the regulations pertaining to plot size, living space, cellars and foundation walls. The trailers are the residences or dwellings of those who pay rent to the plaintiff for the space occupied by the trailers. Ordinarily, a trailer would be considered a dwelling, i.e., an abode. Webster, Third New International Dictionary. The plaintiff insists that the trailers are nonautomotive vehicles which are mobile and that they were not "erected" within the meaning of the zoning regulations. Although this argument may be somewhat ingenious, it lacks persuasive force. The purpose of the plaintiff in advancing the argument is too obvious to require further discussion. There can be no doubt that the regulations do not permit the use of the plaintiff's land as a trailer park. The plaintiff himself recognized that fact when, in 1959, he applied to the board for permission to use the land for that purpose. He again acknowledged the fact when he filed the present application. His latest position cannot be legally supported.

The minutes of the meeting of the board show that two alternates acted in place of two regular members. The plaintiff claims that the board was not properly constituted because the record fails to show how or by whom the alternates were designated and that therefore the action of the board

was invalid. Section 8-5a of the General Statutes provides for the designation of an alternate member to act in the place of a regular member who is absent or disqualified.[1] No claim has been made that the two alternates were not properly appointed to the panel of alternates. The sole question is whether the record should state the name of the member or person who designated the alternates to sit at this particular meeting. Although it would have been better practice to record this information in the minutes of the meeting at which the alternates were designated to act, we cannot say that the failure to do so invalidates the action of the board. In the absence of evidence to the contrary, we may assume that the board was properly constituted. The plaintiff has not offered evidence to show that the board was not properly constituted according to law.

There is no error.

In this opinion the other judges concurred.

---

[1] "Sec. 8-5a. DESIGNATION OF ALTERNATE MEMBERS TO ACT. If a regular member of a zoning board of appeals is absent, he may designate an alternate from the panel of alternates to act in his place. If he fails to make such designation or if he is disqualified, the chairman of the board shall designate an alternate from such panel, choosing alternates in rotation so that they shall act as nearly equal a number of times as possible. If any alternate is not available in accordance with such rotation, such fact shall be recorded in the minutes of the meeting."