A. M. S. CORPORATION ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWALK ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 3, 1964—decided January 20, 1965

John J. Resnik, with whom, on the brief, were Nathan A. Resnik and Robert B. Devine, for the appellant (defendant Velardi).

Harry H. Hefferan, Jr., with whom were Lawrence P. Dennin, Jr., and, on the brief, John F. Lyons, for the appellees (plaintiffs).

MURPHY, J. The defendant Leonard D. Velardi, hereinafter called the defendant, applied to the zoning board of appeals of Norwalk for a variance to permit the operation of a plant for the manufacture of reinforced concrete pipe in a light industrial zone No. 1. The board granted the application, whereupon the plaintiffs, operators of nearby manufactories, appealed to the Court of Common Pleas, which concluded that the board's action was arbitrary and illegal and rendered judgment sustaining the appeal. The defendant appealed from that judgment.

The zoning regulations in Norwalk governing the use of property in light industrial zones No. 1 prohibit certain industrial uses, including "Structural steel or pipe works". Norwalk Zoning Regs. § 5 (29) (1929, as amended). The board determined that the proposed operation was a pipe works. At the hearing before the board, the defendant stressed the fact that he had received advice that the contemplated use would be permitted in the zone and that, in reliance upon that information, he had purchased and improved the property at an expenditure of between $125,000 and $135,000. He was not aware that such a use was prohibited until he ap-

plied to the zoning inspector for a building permit, which was refused. He then sought the variance.

The Norwalk zoning regulations were adopted under the provisions of the General Statutes. Public Acts 1925, c. 242. Section 17 (6) of the regulations allows the board of appeals to vary any requirement of the regulations "solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations". See *Finch* v. *Montanari,* 143 Conn. 542, 544, 124 A.2d 214 (wherein a like regulation in Ridgefield is construed). The board in the instant case did not find that either of the requirements for a variance existed. The resolution adopted by the board stated that the defendant's plant would be built in a light industrial zone in an area conducive to such use, that the property adjoins the railroad right of way and that the use would not create a traffic hazard or be detrimental to the area. None of these reasons meets the hardship test. *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 396, 190 A.2d 45. Nor is there any evidence in the record of the hearing on which the board's action can be sustained. The misleading unofficial information on which the defendant relied in acquiring and developing the property for his business may have prompted the board to act favorably on his application, but if that was the fact it could not legalize the action of the board in granting the variance. See *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542, 192 A.2d 206.

When the zoning inspector refused to issue a building permit, the defendant did not specifically appeal to the board from that decision, although in his application for the variance he gave as one of his reasons for seeking it his contention that the zon-

ing inspector's action was erroneous. The board affirmed the inspector's action. In a special defense to the plaintiffs' complaint in the Court of Common Pleas, the defendant asserted that he had, simultaneously with his application for a variance, filed an application to overrule the zoning inspector's action in denying the permit. To this special defense, the plaintiffs filed a demurrer, to the effect that the defendant had not appealed to the court from the action of the board in sustaining the zoning inspector and that the allegations of the special defense did not constitute a legally sufficient defense to the allegation of the complaint that the board had acted illegally in granting the variance. The court sustained the demurrer. The defendant has assigned error in that ruling. In his brief, he advances the argument that the manufacture of concrete pipe should be considered a permitted use in a light industrial zone because there is no prohibition of the manufacture of concrete items generally and that the listing of "structural steel and pipe works" in the same prohibited category is ambiguous. It is difficult to follow his line of reasoning. Referring to some of the definitions of the word "pipe" in Webster, New International Dictionary (2d Ed.), the defendant states that only steel-pipe plants were intended to be excluded. He did not include in the cited definitions the following one, also from Webster: "Any long tube or hollow body of wood, metal, earthenware, or the like, as to conduct water, steam, etc." His product would certainly fit that definition. We are not impressed by his concern that the manufacture of pipes for smoking and pipes for musical purposes might be prohibited. We are not presently concerned with the manufacture of such pipes. If and when those

questions arise, they can then be determined. The action of the court in sustaining the demurrer was not erroneous. *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 97 A. 765.

There is no error.

In this opinion the other judges concurred.