[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed from a decision of the defendant Norwalk Zoning Board of Appeals rendered on September 2, 1993. The Board granted the application of the defendant Emilio Tomas to reinstate and again approve a previously allowed variance from the requirements of § 118-310 C(1)(b) that "a setback line of forty (40) feet shall be established on all sides of a rear lot." The variance reduced to twenty feet the setback requirement for the northerly yard of Lot 12, part of a fifteen lot subdivision entitled "Subdivision Map Prepared For Roma Construction Co., Norwalk, Connecticut, Scale: 1"=60', July 21, 1978." The plaintiffs are the owners of Lot 13 which adjoins the subject lot to the northwest.
Because the plaintiffs are adjoining landowners, the court 1, finds they are aggrieved for the purposes of standing to appeal under the provisions of General Statutes § 8-8.
The plaintiffs claim that the Board of Appeals acted illegally, arbitrarily and in abuse of its discretion in granting the application because: the applicant failed to establish that the denial of the variance would constitute a legal hardship; any hardship that existed was self-created; it was not established that the variance would be in harmony with the zoning regulations; no due consideration was given to conserving the public, health, safety, convenience, welfare and property values for the neighborhood and for the plaintiffs' property; and the applicant Emilio Tomas had no standing to apply for the variance because he was not the owner of any interest in the property for which the variance was sought.
 I.
The subject lot was created in 1980 as part of an approved 15-lot subdivision. The return of record indicates that there are substantial wetlands which diagonally traverse the central portion of the property. The return also indicates that in 1987, the record owner, Nursery Estates, Inc., requested a variance of §§ 118-230 and 118-310C(1)(b) of the Zoning Regulations of the City of Norwalk "to permit the construction, maintenance and use of a portion of a one-family dwelling within the setback area" of Lot 12. It was claimed that Lot 12 required a reduction of the rear lot setback from 40 feet to 20 feet on its northerly side because of the lot's topography and because of the wetlands, which covered about two-thirds of Lot 12's buildable area. CT Page 785
On August 25, 1988, the variance was granted by the Board. The Board stated, "Whereas the topography of the land and a portion of same is located in a wetland thus creating a practical difficulty necessitating the positioning of the residence as shown on an attached plot plan, necessitating a variance of the northerly side setback from 40 feet to 20 feet." (sic). The variance was made effective September 9, 1988, and was subject to a 180 day time limit for the securing of building permits. When it granted the variance, the Board had a report from the Conservation Commission stating that at its meeting on January 11, 1988, the Commission approved the Grumman Site Plan for Lot 12 in the configuration as depicted due to environmental constraints, with the understanding that zoning variances would be necessary to effect the plan.
The plaintiffs, as adjoining landowners, had been furnished notice of the application and hearing. No appeal was taken from the granting of the variance.
An extension of the variance was granted on February 2, 1989 for an additional 180 days to secure the permits. On August 17, 1989 an extension was granted effective September 1, 1989. Another extension for 180 days was granted on November 9, 1989. This last extension had expired without any building permit having been secured.
At the public hearing in 1993, the Zoning Board of Appeals had before it the memo of the Zoning Inspector James B. Bradley dated September 2, 1993, which states that the site plan and survey "confirm the substantial extent of wetlands diagonally traversing virtually the center half of this property," and which concludes that "[g]iven no changes to the prevailing site conditions and Conservation Commission requirements from the original ZBA grant five years ago, this application appears to be a straightforward request for reinstatement of previously granted setback variance." In addition, the Zoning Board of Appeals had the record of the original variance application before it. No one appeared in opposition to the variance request and it was unanimously approved by the Zoning Board of Appeals. The minutes indicate that the Board considered this to be the same variance request that had previously been granted and that there had been no change in circumstances since the original variance had been allowed. CT Page 786
 II.
An initial issue is the standing of Emilio Tomas to have brought the application. The record owner of the property at the time of the application was Nursery Estates, Inc. At the hearing before this court, the testimony and evidence indicated that Mr. Tomas is one of three shareholders of Nursery Estates, Inc., the other shareholders being his brothers. The shareholders had agreed to assign various undeveloped lots in the subdivision to one another individually. Emilio Tomas was assigned Lot 12, on which he intends to construct a single-family residence. Mr. Tomas, in applying to the board, had the consent of the corporation and the other shareholders.
This evidence is adequate for the court to determine that Emilio Tomas was the equitable owner of the property and a real party in interest. The plaintiffs have not pointed to any statute or ordinance which requires an application to be rejected under these circumstances. Case law appears to the contrary. See,Richards v. Planning and Zoning Commission of Town ofWilton, 170 Conn. 318, 323, 324 (1976).
In Richards, the court considered these factors on standing: whether the applicant is in control of the property; whether the applicant is in possession or has a present or future right to the property; whether the use is consistent with the applicant's interest in the property; and the extent of the interest of other persons in the property. The applicant, Emilio Tomas, has met all of these standards.
Moreover, as the defendant Tomas notes, any objection to Mr. Tomas' standing was waived and cannot now be raised since it was not raised before the Zoning Board of Appeals. See Chesson v.Zoning Commission of City of Bridgeport, 157 Conn. 520, 527
(1969).
 III.
The plaintiffs claim that the applicant failed to establish that the denial of the variance would constitute a legal hardship and that any hardship that existed was self-created.
The plaintiffs argue that the subject lot was part of a subdivision that was created in 1978 several years after wetlands regulations were promulgated in Norwalk (See Map Nos. 8923 and CT Page 787 8924). At the time that subdivision approval was obtained, the defendant Nursery Estates, Inc.'s predecessors in title were well aware that wetlands traversed the lot in question (see Map 8924). They claim the original subdivider could have avoided any difficulty that the defendant Tomas now claims by merging this lot with the adjacent lot. Alternatively, he could have drawn the lots in such a fashion that construction of the houses on them would comply with all zoning and wetlands regulations.
The plaintiffs, therefore, assert that any hardship that exists has been self-created by the Tomases, Nursery estates, Inc. or their predecessors in title. The plaintiffs claim that "where the claimed hardship arises from the applicants' voluntary act, a zoning board lacks power to grant a variance," citing,Abel v. Zoning Boards of Appeals, 172 Conn. 286, 289,374 A.2d 227 (1977) and Garibaldi v. Zoning Board ofAppeals, 163 Conn. 235, 303 A.2d 743 (1972). This is so even where the hardship is created by the applicant's predecessor in title. Id. The plaintiffs assert that this rule is based upon the principle that ". . . the hardship . . . must arise from circumstances or conditions beyond the control of the property owner." Pollard v. Zoning Board of Appeals, 186 Conn. 32,438 A.2d 1186 (1982), citing Smith v. Zoning Board ofAppeals, 174 Conn. 323, 387 A.2d 542 (1978).
The plaintiffs also complain that at the time of the subdivision approval, in 1978, the Planning and Zoning Commission should never have permitted the creation of Lot No. 12 as a separate lot. The plaintiffs argue that the Planning and Zoning Commission, in acting on a subdivision application, has no jurisdiction to approve any lot that fails to comply with zoning regulations. Dimopoulos v. Planning Zoning Commission,31 Conn. App. 380, 625 A.2d 236 (1993). Conversely, it can and should modify any subdivisions application presented to it by reducing the number of lots proposed and creating larger lots to comply with other land use regulations. Timber Trails Corp.v. Planning Zoning Commission, 222 Conn. 380, 610 A.2d 620
(1992).
There is, however, nothing in the record to indicate that the subdivision, and particularly this 44, 787 square foot lot, as approved, failed to comply with the zoning regulations. Moreover, the action of the Commission was taken in 1978 and no appeal was had from that approval. There is nothing in the subdivision map which would indicate an error in the approval of the lot. This is CT Page 788 not a situation where the claimed hardship arose out of a surveying error as in Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 41 (1982), or where an undersized lot had been voluntarily created as in Belknap v. Zoning Board ofAppeals, 155 Conn. 380, 383 (1967). Nor is the applicant requesting a new resubdivision as in Aitken v. Zoning Boardof Appeals, 18 Conn. App. 195, 205-206 (1989). The plaintiffs have not indicated to this court any basis for reversing the action of the board because the original subdivision might have been rejected or modified by the Planning and Zoning Commission.
Additionally, the plaintiffs claim that the defendant Tomas has failed to demonstrate that the requested variance would be in conformity with the requirements of General Statutes § 8-6 and Norwalk Zoning Regulations § 118-32 that: a) the variance be "in harmony with the general purpose and intent (of the Zoning Regulations) and with due consideration for conserving the public health, safety, convenience, welfare and property values;" b) that "a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured;" and, c) that the hardship is "owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated."
It appears the gist of the plaintiffs' argument is that to establish a legal hardship an applicant must show a practical confiscation of all reasonable use of his property. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 242 A.2d 713 (1968). See also AMS Corporation v. Zoning Board of Appeals of theCity of Norwalk, 152 Conn. 327, 206 A.2d 833 (1965). The plaintiffs claim that mere fact that the applicant is restricted in the use of his property, suffers some financial hardship, or cannot devote the property to the highest and best use does not entitle him to a variance, citing Aitken v. Zoning Board ofAppeals, 18 Conn. App. 195, 557 A.2d 1265 (1989);Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,303 A.2d 743 (1972). It is the plaintiffs' argument that an applicant for the variance is required to prove unusual hardship by submitting appraisal testimony to the board to demonstrate that there will be a practical confiscation of all use. In support of this claim, they cite Grillo v. Zoning Board of Appeals,206 Conn. 362, 537 A.2d 1030 (1988), holding that evidence that the property value would decline from $26,000 to $8,000 would not CT Page 789 justify a finding of hardship.
It is the position of the defendants, with which the court agrees, that one need not always show a practical confiscation of all reasonable use of his property to establish a hardship justifying the grant of a side-yard variance. Rather, it is only when the basis of the alleged hardship is financial that the applicant must show a practical confiscation. So, Dolan,
supra, held that financial disappointment alone is an insufficient basis for varying the application of a regulation which prescribes a minimum distance between certain types of liquor outlets, and AMS Corporation, supra, held that the alleged financial hardship, i.e., an expenditure of moneys based on erroneous advice as to how the property could be used, was inadequate.
The court in Grillo v. Zoning Board of Appeals,206 Conn. 362, 369 (1988) stated that as to the issue of claimed financial hardship:
 "Financial considerations are relevant only in those exceptional circumstances where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect. Carlson v. ZBA, 158 Conn. 86, 89-90, 255 A.2d 841 (1969)."
It is only an applicant who seeks a variance based on an alleged financial hardship who must show that the hardship amounts to confiscation, in part, by submitting appraisal testimony. Grillo, supra at 371. The present application was not based on a claim of financial hardship. There no need to show that the hardship difficulty amounted to a practical confiscation. Rather, the defendants asserted that the requested variance should be granted because literal enforcement of section 118-310C(1)(b) causes hardship due to the unusual characteristics of the subject property. In Stillman v.Zoning Board of Appeals, 25 Conn. App. 631, 636 (1991), cert. denied, 220 Conn. 923 (1991), the Appellate Court held that a confiscation test is not the sole means of satisfying a claim of hardship: CT Page 790
 "The test applied by the trial court was adopted from Grillo v. Zoning Board of Appeals, supra. The test is used in the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a hardship. See Dolan v. Zoning Board of Appeals, 156 Conn. 426, 431, 242 A.2d 713 (1968) Although satisfying this test is a valid means of satisfying a hardship, it is not exclusive."
Here, the history of this application as revealed in the return of records shows that the zoning board as well as the wetlands commission considered that the property had unusual characteristics including its topographical change in grade and the fact that two-thirds of the buildable area, diagonally traversing virtually the center half of this property, was wetlands.
The court agrees with the defendants that the board had ample basis for determining that the hardship arose from circumstances or conditions beyond the control of the property owner and was not self-imposed. The hardship arises out of the zoning ordinance — the 40 foot side yard requirement for rear lots — which created a peculiar hardship given this property's topography and extensive wetlands. Thus, the hardship arises directly out of the application of the ordinance § 118-310 C (1)(b) to circumstances or conditions, the topography and central swath of wetlands, beyond the control of the defendants. The Conservation Commission determined that wetlands intrusion should be avoided and the zoning board concurred with that determination. There was ample evidence to support the conclusion and this court cannot substitute its judgment for that of the administrative agencies involved.
The plaintiffs claim that, as shown from the various maps, the characteristics of the subject lot are not unusual, since it is clear that other lots in the subdivision also have wetlands on them. The difference, however, as found by the commission and the board is the extent and centrality of the wetlands swath as well as the significant topographical factor. It appears that unless a variance were granted there would be no way to locate the house except for substantial intrusion into the wetlands.
The plaintiffs also claim that the location of the proposed dwelling on Lot No. 12 would be significantly closer to their house than would normally be permitted under the current setback CT Page 791 regulations. They assert that the variance would not be in harmony with the zoning regulations "with due consideration for conserving the public health, safety, convenience, welfare and property values . . ." The setback regulations are generally recognized as promoting privacy, open space, and consequently preserving property values. Allen v. Zoning Board ofAppeals, 155 Conn. 506, 235 A.2d 654 at 655; Pascale v.Board of Zoning Appeals, 150 Conn. 113, 118, 186 A.2d 377
(1962). They argue that the defendant Tomas failed to provide any appraisal testimony or other evidence that would indicate that the plaintiffs and others in the neighborhood would not suffer any decline in property value and that the proposed variance, seeking a more than 50% reduction in the setback, would be in harmony with the general purposes of that setback requirement.
In Allen, supra. at 509, the court stated: "The obvious purpose of side-yard requirements is to assure adequate space for light and air between buildings and to reduce fire hazards. See Pascale v. Board of Zoning Appeals,150 Conn. 113, 118, 186 A.2d 377; 2 Yokley, Zoning Law and Practice (3d Ed.) 17-5, p. 307. The power of the board to vary the application of these requirements is limited to situations where, because of a condition peculiar to the applicant's property, a literal enforcement of those requirements will result in exceptional difficulty or unusual hardship. " Here, the board found there was such an unusual hardship in applying the 40-foot setback requirements for rear lots to this particular lot in light of the extensive wetlands traversing the middle of the lot. As the defendant Tomas notes, the distance between the proposed house and the plaintiffs' house would still be 60 feet, adequate to accomplish the purpose of the side-yard requirements. In addition, the plan shows buffering between the two lots would remain and any tree removal would be limited, with off-street parking on the side of the lot away from the plaintiffs' lot.
 IV.
Finally, the court notes the claim of the defendants that, in any event, the Zoning Board of Appeals would be prohibited from reversing its 1988 decision granting the same variance as that presently requested. In Haines v. Zoning Board ofAppeals, 26 Conn. App. 187, 191-92, 599 A.2d 399 (1991), the court affirmed the rule that:
The board's liberal discretion, however, is limited CT Page 792 where it has previously acted on the same application relating to the same parcel. In such a situation, the zoning board of appeals is prohibited from reversing the previous decision unless the facts and circumstances have materially changed so as to affect the reason for the original decision and no vested rights have intervened. Laurel Beach Assn. v. Zoning Board of Appeals, 166 Conn. 385, 387, 349 A.2d 834
(1974).
See Consiglio v. Board of Zoning Appeals, 153 Conn. 433,438-439 (1966); St. Patrick's Church Corporation v. Daniels,113 Conn. 132 140-141 (1931).
An administrative agency such as a zoning board of appeals may not reverse its previous decision absent a material change in conditions. The plaintiffs cite Aitken v. Zoning Board ofAppeals, supra, for language that would seem contrary and imply that granting of a variance because a previous variance had been granted would not alone meet the test for establishing hardship. As the defendants note, however, plaintiffs reliance onAitken is misplaced. In Aitken, the property owner did not apply for the exact same variance and for the exact same relief as the had in his first variance application. As theAitken court notes: "the fact that [the applicant] obtained a variance more than ten years ago for property that was four times the size and subsequently subdivided is not sufficient reason to grant a variance." Rid. at 206.
Here, the board and the zoning inspector noted that this was the same variance with no material change in circumstance as to the lot, the abutting lot, or the neighborhood.
For the reasons set forth, the appeal is dismissed.
NIGRO, J.