[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action in five counts in regard to a claim for monies owed arising from a contract with one Lavern Brown Hyatt (Hyatt) for rehabilitation of certain of her real property.
 FACTS
In 1988, Hyatt applied for a rehabilitation mortgage through the defendant City of Hartford's (City) federally funded Housing Preservation Loan Program (Program) in order to make repairs at 121 Newington Avenue, Hartford, Connecticut. The City, through defendant, its Department of Housing and Community Development (also City), accepted Hyatt's application and solicited bids for specified home improvements. The plaintiff, submitted a bid and it was accepted by the City and Hyatt.
On August 26, 1988, the plaintiff, entered into a written contract entitled "Agreement for Housing Rehabilitation" (Agreement) with Hyatt. CT Page 13992 On September 6, 1988, plaintiff and Hyatt amended the Agreement by way of an "Additional Work Authorization" (Authorization), providing for additional work to be performed on the property. The total price for the work to be performed under the Agreement and the Authorization was $20,150.00. The City acted as the construction manager and supervised the remodeling work done at Hyatt's property.
The Agreement and Authorization were forms used by the City. During the loan process and the rehabilitation process Hyatt dealt with Sam Darko (Darko) and defendant Sal Rizza, (Rizza) both employees of the City. Hyatt's Agreement was in great part prepared by Darko and he gave it to her. The Authorization was prepared in great part by Sal Rizza and he gave copies to plaintiff and Hyatt. Neither Darko nor Rizza suggested to Hyatt that she have an attorney or that she have the documents investigated to ensure that they complied with applicable state laws.
There is nothing the court can find to show that either Hyatt or plaintiff relied upon the fact that because the City provided the documents that they conformed with all applicable state laws. plaintiff has not sustained its burden of proof in this regard.
Neither Darko nor Rizza suggested to Hyatt that either could amend the documents or use alternative documents.
The standard forms in question had been in use at least since the mid-1970's and had been used several hundred times per year prior to 1988.
Jacques All Trades Corporation performed the work agreed to under the contracts. Subsequently, a payment dispute arose and Jacques All Trades Corporation brought a lawsuit against Hyatt seeking payment of the funds and against the City of Hartford as stakeholder of the funds. Hyatt countersued, alleging, inter alia, that the two contracts were unenforceable under Connecticut General Statutes § 20-418, et seq. (the Home Improvement Act) as the contracts lacked the required notice of cancellation and did not contain the required start and completion dates.
In its tortured history this dispute, has been tried to our trial court; appealed to our Appellate Court; remanded by the Appellate Court on December 21, 1993 in Jacques All Trades Corp. v. Brown,33 Conn. App. 294; tried and decided again in the trial court on July 14, 1994; appealed again to the Appellate Court; remanded again by the Appellate Court on July 9, 1996; and on certification decided by our Supreme Court on April 29, 1996. All of that history is based on a breach of contract claim. However, the major legal issue was as to whether the CT Page 13993 Agreement and Authorization were valid under our home improvement statute, C.G.S. § 20-418 et seq.[1]
The claimed breach of the home improvement act was known to plaintiff and all other parties by at least as early as June 2, 1992, by virtue of the Allen, J. decision in the trial court.
In the first action the second count alleges that the City "is currently holding at least $20,150 to which plaintiff is entitled and is, therefore the stakeholder to that extent." That action claimed no negligence, misrepresentation by the City but only that it was a stakeholder. On that count the Appellate Court held that the City could not be liable because there was no finding that Hyatt was liable. Supra 303.
The court then sent the matter back for a totally new trial. On that trial the court found that the contracts were exempt from the Home Improvement Act, C.G.S. § 20-418 et seq. On Appeal to the Appellate Court that court found that the contracts were not so exempt and remanded the matter. Jacques All Trades Corp. v. Brown, 42 Conn. App. 124,128-129.
The Supreme Court then took that appeal by granting certification and affirmed the Appellate Court. This court has now tried this new action.
 LAW NEGLIGENCE
An action in negligence requires proof of a duty on the part of the defendant. That duty must run to the plaintiff. Plaintiff never proved such a duty running to it from the City. In addition plaintiff can not prevail because the defect in the Agreement and Authorization was due to plaintiff's failure to follow the Home Improvement Act. The plaintiff was "presumed to know [of the defects] . . . and ignorance of it excuses no one." Hebb v. Zoning Board of Appeals, 150 Conn. 539, 542.
 STATUTE OF LIMITATIONS
The last contract was signed on September 6, 1988. This action was begun January 1, 1998.
The applicable statute for negligence and recklessness actions is C.G.S. § 52-577 which provides that "no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." This action was commenced over nine years after CT Page 13994 the said act or omission.
The plaintiff relies on C.G.S. § 52-595 which provides for an exception to the above quoted statute of limitations saying, "If any person, liable to an action by another, conceals from him the existence of the course of action, such action shall be deemed to accrue against such person so liable therefore at the time when the person entitled to sue thereon first discovers its existence." The plaintiff has the burden of proving such concealment "by the more exacting standard of clear, precise and unequivocal evidence." Bartone v. Robert l. Day, [Robert L. Day],232 Conn. 527, 533. Plaintiff must show (1) defendant's actual awareness of the facts necessary to establish plaintiff's cause of action; (2) defendant's intentional concealment of those facts from plaintiff; and (3) that defendant concealed those facts for the purpose of delaying plaintiff filing his cause of action. Id. 533. Plaintiff has made no showing of any of those three prerequisites and has clearly failed to sustain its burden of proof.
Plaintiff also claims that defendant engaged in a "continuing course of conduct" which tolls C.G.S. § 52-577 and another statute, C.G.S. § 52-584; a statute of repose. The question of there being defects in the Agreement and Authorization came to light at least as early as June 2, 1992 and there was no continuing course of conduct thereafter and thus the statute of limitations applies.
This ruling also applies to plaintiff's indemnity claim. C.G.S. §7-465 has its own limitation of two years. That is long since past.
 TORTUOUS INTERFERENCE
The court cannot find evidence of tortuous interference and plaintiff has not sustained its burden in that regard.
 BREACH OF CONTRACT
The court can find no breach of contract but if there were any it would have occurred in September 1988 and the statute of limitations for contract actions is six years. C.G.S. § 52-596.
 DETRIMENTAL RELIANCE
In its Fifth Count the plaintiff does claim positive representations by the defendants that the documents were valid and enforceable. The court can find no such representation express or implied.
Also in that count plaintiff claims estoppel because defendant's CT Page 13995 misrepresented to the plaintiff that the documents were valid and enforceable.
Plaintiff in its Memorandum of October 4, 2000 states, "None of the causes of action as set forth within its complaint are premised on any allegations that the City of Hartford engaged in intentional or negligent misrepresentations."
The plaintiff has failed to address factually or legally the reliance claim in either of its memoranda. The first memorandum does say that Hyatt relied upon the City to provide documents that conformed to state laws. It goes on to argue on page 5 that plaintiff and Hyatt were required to use those documents. They did not have to use any documents, and in the absence of misrepresentation cannot complain about the drafting of the documents they did sign.
 BREACH OF THIRD PARTY BENEFICIARY CONTRACT
To sustain a third party beneficiary claim a plaintiff must prove that in making the contract between it and Hyatt that the City was to owe a direct obligation to it or, at least it must prove that it was an intended beneficiary of the agreement between Hyatt and the City. VernonFoodlines, Inc. v. Central Mutual Ins. Co., 1 Conn. App. 595, 601, 602.
The court cannot find that the City in dealing with Hyatt and plaintiff ever intended to guarantee payment to plaintiff or act as a surety. Compare with Byram Lumber Supply Co. v. Page, 109 Conn. 256, 261-264.
In addition, of course, there never was a valid contract between plaintiff and Hyatt or City. Nor was there ever a contract between Hyatt and City for payment to plaintiff on the contract between plaintiff and Hyatt.
 LIEN WAIVER
In Connecticut we have statutory protection for contracts. C.G.S. § 49-33, et. seq.
Under the Agreement plaintiff was to provide lien waivers. The purpose of that requirement was to protect Hyatt's property from any sub-contractor's liens after she had paid the contractor for the job. Agreement § 23H. Plaintiff did not provide any waivers as to the Agreement or as to the Authorization and that is a breach of those contracts.
 ESTOPPEL
CT Page 13996
Estoppel cannot be asserted against a municipality or its agents in matters involving a governmental function. Hebb v. Zoning Board ofAppeals, supra 542. In addition "acts of a person must be considered as having been done with knowledge of the law . . ." Id. 542. Plaintiff has failed to sustain its burden of proof in this regard.
Finally the party asserting estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge. Eighth Utilities District v. Manchester, 176 Conn. 43,53. Plaintiff here had access to lawyers and law and has failed to sustain its burden.
Judgment for defendant.
Norris L. O'Neill, J.