[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joseph A. Tranfo, appeals from a decision of the defendant, Commissioner of Revenue Services, denying his request for a refund of conveyance tax, interest and penalty paid by him under protest pursuant to the Commissioner's assessment of conveyance tax on the plaintiffs conveyance of property to a limited liability company. The two issues raised by the plaintiff in this case are (1) whether the conveyance from the plaintiff to One Tree Hill, LLC, is subject to the conveyance tax, and (2) whether the Commissioner was obligated to provide notice to the plaintiff that transactions such as the plaintiffs are subject to the conveyance tax.
On November 11, 1994, the plaintiff conveyed real property located at CT Page 8288 19 Benedict Place, Greenwich, Connecticut to One Tree Hill, LLC. The plaintiff was a controlling member in the limited liability company, with a 99% ownership interest. The deed of conveyance from the plaintiff to One Tree Hill, LLC, recited that the consideration for the conveyance was ten dollars. The plaintiff submitted a real estate conveyance tax form to the department of revenue services showing no tax due because the ten dollar consideration paid was under the required threshold of $2,000 as set forth in General Statutes § 12-494.
The Commissioner assessed the plaintiff a conveyance tax based on the fair market value of the property at the time of his conveyance to the limited liability company. The Commissioner assessed conveyance tax of $9285.06, based upon a fair market value of 19 Benedict Place of $928,506, as shown in the records of the Greenwich tax assessor. The plaintiff paid a total of $13,532.98, consisting of the conveyance tax, interest and penalty, under protest, and filed a request for a refund of the amount paid. The Commissioner issued a letter to the plaintiff denying his request for a refund on the ground that a transfer from an individual to a limited liability company was a taxable conveyance based on the fair market value of the property at the time of the conveyance. The plaintiff then filed this timely appeal from the Commissioners s denial of his refund request.
The plaintiff argues that no conveyance tax was due since the actual consideration paid was under the $2000 threshold provided for in §12-494, and the department did not issue an opinion or regulations providing notice to taxpayers that transfers to limited liability companies of which the conveyor is a member for a stated consideration of less than $2000 would be subject to the conveyance tax based upon the fair market value of the property at the time of the conveyance. This argument raises the question of what is meant by "consideration" in § 12-494. The plaintiff argues that under a plain reading of the statute, consideration means cash that has changed hands between buyer and seller. The plaintiff does not contest that the value of the interest in the real estate conveyed to the limited liability company is worth more than the ten dollars paid to him by the limited liability company.
The Connecticut real estate conveyance tax was created in 1967 following the repeal of the federal Documentary Stamp Tax and was modeled after the federal stamp tax act. Opinions, Conn. Atty. Gen. No. 89-20 (August 15, 1989), p. 1. We note that in 1989, number 89-205 of the Public Acts replaced the term "full purchase price" in § 12-494 with "consideration." The reason for this legislative change is recited in the opinion of the Attorney General: "As Representative Cibes, who reported this legislation out of committee, explained during House debate, "the bill restores the language of consideration, instead of the language full CT Page 8289 purchase price, because some people have erroneously concluded that the term full purchase applies only to . . . that portion of the consideration where cash is received, and that is not the case." (Citation omitted.) Opinions, Conn. Atty. Gen. No. 89-20 (August 15, 1989), p. 2. The reason for this legislative change appears to be consistent with the department of revenue services' regulation that defines "full purchase price" in relation to fair market value of the consideration. "Full purchase price' means money and the fair market value of consideration other than money paid or transferred, directly or indirectly, to the transferor, whether or not expressed in the deed, instrument or other writing." Regs., Conn. State Agencies §12-494-1. Regulations of administrative agencies that have been validly enacted carry the force of statutory law. Griffin Hospital v. Commissionon Hospitals Health Care, 200 Conn. 489, 497, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986). From this, we view "consideration" in § 12-494 to mean the actual fair market value of the property transferred, not necessarily the actual cash transferred between seller and purchaser as recited in the conveyance of the property.
The real estate conveyance tax is a general revenue raising statute. General Statutes § 12-499 provides: "The tax imposed by section12-494 and the revenues produced thereby shall, after remitting the portion thereof payable to the Commissioner of Revenue Services as provided in said § 12-494, become part of the general revenue of the municipality in which the tax is paid." The obvious purpose of §12-494 is to tax the actual value of the real estate transferred by the seller to the purchaser. The consideration cannot be arbitrarily determined by the seller but rather must be the actual value transferred. Otherwise, what is considered a general revenue raising statute would become a tax that is self-determined by the taxpayer. Accordingly, we find that the Commissioner properly assessed the plaintiff a conveyance tax based upon the fair market value of the property transferred to the limited liability company.
We turn next to the plaintiffs claim that he had no notice that his conveyance of the subject property to the limited liability company for less than $2000 stated consideration was subject to the conveyance tax. Basically, the plaintiff claims that even if the Commissioner did not misinterpret the language in § 12-494 that provides for a conveyance tax when the stated consideration for the conveyance equals or exceeds $2000, the Commissioner should have notified taxpayers through a regulation or administrative pronouncement that a conveyance by an individual to a limited liability company for less than $2000 stated consideration would be taxable. CT Page 8290
Section 12-494 makes all conveyances of real estate in Connecticut subject to a tax unless the transaction comes within one of the exemptions stated in § 12-498. At of the time of the transaction in this case, a transfer from an individual to a limited liability company was not exempt. The plaintiff does not claim that he falls within one of the exemptions. Given the interpretation of the term "consideration" as discussed above, and the revenue generating purpose of the conveyance tax, it is reasonable to assume that all transactions not exempt under § 12-498 are taxable, and that the tax is based upon the actual value of the property conveyed, regardless of the stated consideration. Here, the worth of the limited liability company increased by the fair market value of the property the plaintiff conveyed to it, which in turn increased the value of the plaintiffs membership and control in the limited liability company. As stated above, this constitutes consideration in addition to the stated money amount paid. The plaintiffs argument regarding notice appears to center on a claim that the Commissioner was obligated to provide notice that the term "consideration" would be construed to mean the actual value of that which was received by the transferor rather than simply the money amount stated by the transferor. As stated above, the plaintiffs interpretation of "consideration" to mean only the amount of money stated on the deed would lead to a self-determined tax that would have no relation to the actual value received by the transferor in exchange for the conveyance of property. The plaintiff is charged with notice of the law that all conveyances not exempt under § 12-498 are taxable under § 12494. See Hebb v. Zoning Board of Appeals, 150 Conn. 539, 542, 192 A.2d 206
(1963).
We conclude that the transfer at issue in this case is subject to the conveyance tax based upon the fair market value of the property conveyed. We further conclude that the Commissioner was not obligated to provide notice that the conveyance tax would be imposed on transfers of real property by individuals to limited liability companies where the money amount conveyed was less than $2000 but the total consideration for the conveyance totals more than $2000.
Accordingly, judgment may enter in favor of the defendant. The plaintiffs appeal is dismissed, without cost to either party.
 ___________________ ARNOLD W. ARONSON JUDGE TRIAL REFEREE