[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS PHILLIPS AND CITY OF NEW HAVEN
The defendants, City of New Haven and Clarence B. Phillips, have moved for summary judgment on all counts of the plaintiffs' amended complaint, which is dated June 28, 2002. That complaint was filed after this court dismissed certain claims in a prior complaint. The June 28, 2002 amended complaint also adds claims not stated in the prior complaint. Defendants Phillips and the City did not object to the filing of the amended complaint but assert that the new claims are barred by the applicable statute of limitation. The third defendant, Frank Alvarado, has also filed a motion for summary judgment, and the court has ruled on that motion separately.
Claims against the movants
In the first count, the plaintiffs allege that the City demolished their building on April 25, 1997, after the plaintiffs protested that the unsafe condition of the building was the result in part of damage inflicted by the police in searching for evidence. The plaintiffs allege that they called the police department and were referred to defendant Alvarado, who was director of the City's Livable City Initiative in an effort to obtain compensation to repair the property and that Alvarado "informed them that he would investigate the damaged property and get back to them." (Amended complaint, para. 12.) The plaintiffs allege that the City negligently demolished the building after defendant Alvarado made his statement.
In the second count, the plaintiffs claim that Alvarado misrepresented that he would investigate their claims for restitution and that the City demolished the building despite this representation.
In the third count, the plaintiffs assert that the City, "through its agents, servants, and/or employees, induced the Plaintiffs to believe CT Page 74 that the Defendant, "City', would forebear the demolition of their property while the Defendant, "City', through its agents, servants and/or employees investigated the Plaintiffs' claim for restitution" and that in reliance the plaintiffs took no action to oppose demolition, and that the City failed to fulfill its alleged promise.
In the fourth count, the plaintiffs assert that the defendants acted intentionally, that they intentionally caused the taking of the property by erecting a gate and barbed wire, and that they intentionally acted in a manner "such that it was readily apparent that they would cause the Plaintiffs harm and distress." (Amended complaint, para. 30.)
The fifth count is a claim for identification by the City for all sums that defendants Alvarado and Phillips "may reasonably become obligated to pay by reason of their negligence." (Amended complaint, para. 33.)
The plaintiffs claim as damages the loss of use of the building, the loss of rental income, the loss of the building itself, diminution to their property and emotional distress from the demolition. (Amended complaint, para. 16.)
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." LaFlamme v. Dallessio, 261 Conn. 247, 250
(2002); OSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001); Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); Practice Book § 17-49.
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test CT Page 75 is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v. Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telesco v. Telesco, 187 Conn. 715, 718 (1982).
Factual Submissions
The parties have stipulated that on November 2, 1996, the City's building inspector, Clarence Phillips, declared the plaintiffs' structure to be unsafe after inspection and caused the plaintiffs to be served with a notice that the City would demolish the structure if the plaintiffs did not repair or demolish it within thirty days. They have also stipulated that the plaintiffs neither demolished the structure nor obtained a building permit for the purpose of repairing it, that prior to the issuance of the notice the building was uninhabitable and in need of repair, and that on April 25, 1997, the building inspector caused the structure to be demolished.
Defendant Alvarado has submitted an affidavit stating that his position as Director of Livable City Initiatives did not include any authority to modify, alter or suspend demolition orders nor to issue money for restitution to claimants, and that he did not either personally or through agents represent or communicate to the plaintiffs in any manner that he would intervene or in any way seek to affect the City's enforcement of the health and safety codes or any demolition efforts.
In answer to defendant Alvarado's interrogatory asking the plaintiffs to state what he had said to them, the plaintiffs responded that they had been referred to Alvarado when they called other City employees to seek compensation for damage to their building, they were told to speak to Alvarado and that his statement was that "He will look on the property and get back to me by Friday.
Vincent Tracy filed an affidavit in which he stated that he called the CT Page 76 New Haven police department seeking compensation, that he called Alvarado at the suggestion of other City employees, and that Alvarado "informed me that he would look at my damaged property and respond with an answer in one week" but that Alvarado failed to call him back and did not respond to further telephone messages. (Tracy affidavit, para. 7-9.) Vincent Tracy's affidavit contains no averment that Alvarado said anything other than that he would investigate and respond, and it specifically does not say that Alvarado made any representations that the City would cease any proceedings concerning the property while Alvarado looked into the issue of compensation for the damage allegedly done by police officers. The plaintiffs affidavit contains no assertion that Phillips ever represented that he would delay demolition or notify the plaintiffs further before proceeding.
Defendant Phillips submitted an affidavit in which he states that he has authority to issue and follow through on demolition notices regarding unsafe buildings, that the plaintiffs never complied with the notice issued to them, that he "never made any promises or entered into any agreement with the plaintiffs or their representative relative to forbearance from demolishing the plaintiffs' structure for any period of time," and that he never made representations to the plaintiffs or their representative concerning such forbearance.
Are the movants entitled to summary judgment?
 Negligence claims
In the first count, the plaintiffs allege that the city erred in invoking its authority to demolish the building and the manner in which they notified the plaintiffs. (Amended complaint, para. 16 c, d, f, g, h, i.) The latter claims were dismissed by the court on March 19, 2002, for the reason that the court lacks jurisdiction over these claims because the plaintiffs failed to file an administrative appeal from the demolition order. A party may not sidestep an administrative appeal by claiming that the same conduct constituted negligence.
The remaining claim of negligence that the plaintiffs make against the movants in the first count is the claim that demolition of the structure was negligent because the plaintiffs expected that nothing would happen because Alvarado said he would investigate. In the second count, the plaintiffs assert that the City, through its employees, negligently misrepresented that it would investigate the plaintiffs' claim for compensation, leading them to assume that demolition would be delayed.
The movants assert that even if a negligence claim may arise from a CT Page 77 party's mere assumption about the course a municipality will take in the exercise of its police powers, the doctrine of qualified municipal immunity defeats the claim.
Connecticut General Statute § 52-557n (a) (2) (B) provides in pertinent part: "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The plaintiffs do not claim that Phillips or the City were engaged in proprietary rather than governmental functions, and the demolition of unsafe buildings is part of the police powers of a municipality pursuant to Conn. Gen. Stat. §7-148 (c) (7) (H). Section 9-28.1 of the New Haven Code empowers the building official to demolish unsafe structures. Section 52-557n
(a) (2) (B) creates a dichotomy concerning performance of governmental functions: public employees are not liable for negligence in performing discretionary acts in the course of their employment, but they are liable for negligence in performing ministerial acts. The same dichotomy exists at common law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews 211 Conn. 501, 505 (1989). Government employees and officials likewise have a qualified immunity against liability for negligence in performing discretionary, as opposed to ministerial, acts. Evon v. Andrews, supra, 211 Conn. 505.
The Supreme Court noted in Evon v. Andrews, supra, that such immunity is subject to several exceptions, and the plaintiffs invoke the exception articulated by the Court in Evon as follows: "where the circumstances make it apparent to the public official that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evon v. Andrews, supra, 211 Conn. 505. The Court applied this exception in Burns v. Board of Education, 228 Conn. 640, 647-48 (1994), and Purzycki v. Town of Fairfield, 244 Conn. 101 (1998). This exception to the general applicability of immunity for performance of discretionary governmental acts has been applied by Connecticut's appellate courts only to instances in which an identifiable person was place in danger of personal injury, not damage to property. Moreover, the conduct that is claimed in this case to be negligent is not neglect of a safety precaution, as in Burns and Purzycki, but the performance of a safety precaution to protect the general public from the hazards presented by unsafe buildings. The exception to governmental immunity for discretionary acts has not been applied in Connecticut to impose liability for the performance of an act for the protection of the CT Page 78 public, particularly where, as in this case, the plaintiffs had the ability to protect their building from demolition by filing a timely appeal from the demolition order.
This court finds that the plaintiffs' negligence claims are barred by the qualified immunity conferred on Phillips and the City both by statute and at common law, and that the exception recognized in Evon, Burns, and Purzvcki is inapplicable
Contract/Promissory Estoppel Claims
In the first count the plaintiffs further allege that the movants' conduct was negligent because it failed to give effect to the alleged promise of defendant Alvarado to investigate the matter. In the third count, the plaintiffs allege that Alvarado's statement creates a cause of action which they have titled "promissory estoppel."
The City has authority pursuant to Conn. Gen. Stat. § 7-148
(c) (7) (A) and (B) to protect the public from the hazards of unsafe buildings, and it has enacted an ordinance, Section 9-28.1, authorizing the building official to demolish unsafe structures in the City after notice to the owner.
It is well established that a municipality cannot generally be estopped by the unauthorized acts of its officers. Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344 (1976). An exception is made where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents; however, the exception is to be applied "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." Zoning Commission v. Lescynski, 188 Conn. 724, 732 (1982).
The municipal official with authority over the demolition of buildings, under the City Code, is the building official, not the executive director of the Livable City Initiative. The latter City employee is not alleged actually to have said that the building would not be demolished. Since the plaintiff has not demonstrated that the plaintiffs were induced by the official with authority in the matter, the Lescynski exception to the unavailability of estoppel against a municipality is inapplicable.
Equitable estoppel is, moreover, available only for protection and "cannot be used as a weapon of assault," Dickau v. Glastonbury, CT Page 79156 Conn. 437, 442 (1968); Hebb v. Zoning Board of Appeals, 150 Conn. 539,543 (1963).
By bringing a claim for damages based on the alleged indefinite statement of an official whom the uncontradicted submissions establish was not authorized to delay demolition of a building found to be unsafe, the plaintiff impermissibly seeks to use estoppel as "a weapon of assault."
Summary judgment shall enter in favor of the defendants on this claim.
"Intentional Act"
In the fourth count of the amended complaint, the plaintiffs assert that the City is liable because
the actions of the Defendants, "City', "Phillips', and its agents, servants and employees in intentionally demolishing the Plaintiffs' home and thereafter intentionally causing the taking of same by the erecting of a structure gate and barbed wire and the implementation of construction activities on or about the Plaintiffs' property were all actions done intentionally, recklessly and upon information and belief wantonly such that it was readily apparent that they would cause the Plaintiffs harm and distress.
This count appears to be a hybrid claim that partially alleges an unconstitutional taking and partially alleges intentional infliction of emotional distress. The claim of unconstitutional taking was asserted in the sixth count of the plaintiffs' prior complaint, and this court dismissed that claim on March 19, 2002, for the reason that the claim was one that the plaintiffs had failed to assert by a timely statutory appeal pursuant to Conn. Gen. Stat. § 29-405. The court did not dismiss the claim that appeared to accuse the defendants of intentionally inflicting emotional distress on the plaintiffs by completing the demolition of which the City had given the plaintiffs notice, since the court has jurisdiction of that claim.
The movants have not submitted affidavits that show what the facts are with regard to the claim of intentional infliction of emotional distress. A party seeking summary judgment must show what the facts are and that the movant is entitled to judgment under those facts. The Connecticut Supreme Court stated the requirement unequivocally in Witt v. St. Vincent's Medical Center, 252 Conn. 363, 373 n7: CT Page 80
The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.
The movants have not demonstrated what the facts are with regard to this claim, and their motion for summary judgment on this claim is denied. This claim was not the subject of a motion to strike, and by denying summary judgment the court expresses no opinion on the legal sufficiency of the claim.
Indemnification
In the fifth count of their amended complaint, the plaintiffs assert that the City is required to indemnify defendants Alvarado and Phillips for "all sums of money which said Defendants may reasonably become obligated to pay by reason of their negligence." (Amended complaint, para. 33.) This court has granted summary judgment in favor of defendant Alvarado, and therefore there is no occasion for indemnification as to him. This court has granted summary judgment on all claim against defendant Phillips except the claim of intentional infliction of emotional distress.
The statute under which the plaintiffs assert a right of indemnification, Conn. Gen. Stat. § 7-465, provides that a city has no obligation to pay for any damage caused by a municipal employee if the employee's acts were willful or wanton. The plaintiffs allege that Phillips intentionally caused them mental distress. The Connecticut Supreme Court equates "wanton," "wilful," and "reckless;" Dubay v. Irish, 207 Conn. 518, 533 (1988) and has stated that "[w]illful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse." Id., quoting Markey v. Santangelo, 195 Conn. 76, 77 (1985).
Because "wilful" acts are not subject to the duty to indemnify and because "intentional" acts are the equivalent of willful acts, as a CT Page 81 matter of law the City is entitled to summary judgment on the claim that it is required to indemnify defendant Phillips for what the plaintiffs allege to be intentional misconduct.
Conclusion
The motion for summary judgment is granted as to all claims in all counts except the claim of intentional infliction of emotional distress against both the City and Phillips in Count Four.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 82